Parker, J.
I am very clear that this judgment is erroneous. A submission of all demands between the parties was a submission of the question of the costs of the suit. If it were not so, the practice has uniformly prevailed, and been acquiesced in. In some cases referees award a large sum in damages, and yet de [ *166 ] termine that the party in whose favor they make * their award shall recover no costs. The practice having thus obtained, I think that the referees did not exceed their authority ; and that the court below, having accepted the report, ought to have conformed their judgment to it. I am therefore of opinion that the judgment of the Common Pleas should be reversed in part, viz., for the amount of three fourths of the costs allowed ; and that the plaintiff in error is not entitled to his costs in this process, the error being entirely in matter of law.
Sewall, J.
The correctness of the judgment brought into question by this writ of error depends on the authority of the referees to make their award respecting the costs. Without looking into English authorities, it is sufficient that the practice here has been constant and uniform, and has been recognized by the legislature. The Court of Common Pleas ought, then, to have made their judgment •conformable to the report in this case. Not having done so, the judgment is erroneous. It can, however, be set right, without a reversal in toto, and the error being in matter of law only, this must be done without costs.
Sedgwick, J.
The report in this case expressly limited the costs to be recovered by the plaintiff to one fourth part of the legal costs of the suit. That report was accepted by the Court, and yet judgment was rendered for the whole of the legal costs. Is this error ? I am most clearly satisfied that it is. On a general submission of all demands,- as was the case here, nothing relative to costs is specifically submitted ; but, in practice, referees have uniformly awarded respecting them, sometimes for the whole, sometimes for part, and sometimes for none ; and this practice has been sanctioned by the Court. The statute gives no express authority to the referees for *161 this purpose, but it clearly supposes such authority to exist. The referees, then, having had authority to make this part of their report, the party ought to have taken his judgment, accordingly, for the one fourth part of the costs; and not having done so, but the judgment having been rendered for the whole legal costs, it is for that reason erroneous.
Where part of a judgment can be reversed, and the rest remain, it is competent for this Court to set it right. The error * here being in matter of law, there can be no costs on [ * 167 ] the writ of error.
Parsons, C. J.
The report having been accepted by the court below, they ought to have pursued it in rendering their judgment, unless this part of the report can be rejected as surplusage. But if, by the terms of the submission, the referees had jurisdiction of the question of costs, their award concerning them is not to be rejected. This practice is of so long standing that it cannot now be shaken, if we were so disposed. But the practice may be considered as beneficial. There may be reasons respecting the allowance of costs, which in the minds of referees would very properly have weight, although they could not be admitted in a court of law. It may appear to them that a creditor has unduly harassed his debtot for a trifling demand, or has brought his action before the cause of action had accrued. Many other reasons may be conceived. It was, therefore, both legal and expedient that these referees should take the subject of costs into their consideration, and make then award concerning them. The court, having accepted the report, were bound by it, and ought' to have followed it in rendering their judgment. There is no doubt, then, that their judgment is erroneous. As the error extends to part of the judgment only, it must be reversed for that part, and will remain good for the rest.
Let the judgment be reversed for three quarters of the costs: and as the error was of law, and not of fact, the plaintiff in errai is not entitled to costs. (a)

 Barlow vs. Flint, Sayer on Costs, 177. — Roe, dem. Wood, vs. Doe, 2 D. & E. 644. —Hartnell vs. Hill, For. 77.—Caldwell, 76, 77.