# HOWARD & AL. *vs.* TURNER.

Where one made a deed in fee, reserving to himself a life-estate in a part of the premises, and declaring further that " this deed is made, and to have effect, upon the following conditions"—viz.—the payment of money at divers times to other persons ;—it was held that the fee passed immediately, on condition subsequent.

If, in the extent of an execution on lands, it nowhere appears that the person, before whom the appraisers were sworn, was a Justice of the peace, the extent is bad.

But this may be amended by stating the fact, even after registry, and pending an action for the land, if the rights of third persons are not thereby affected.

THIS was a writ of entry, tried before the Chief Justice, upon the general issue. It appeared that the tenant, being owner of the premises in fee, on the 10th day of *September* 1819, made a quitclaim deed of the same, to his son *Nicholas Turner, Jr.* then a minor, for the consideration of love and affection, " and of his performing the conditions hereinafter mentioned." After the *habendum,* the grantor proceeded thus ;—" But it is understood that the use and improvement of the southerly one hundred acres of the premises aforesaid, are reserved, and I do hereby reserve to myself, the use and improvement of the same, for and during the term of my

natural life, with full right to take and apply to myself, as I shall choose, all the timber, wood, and other things upon said premises during my life. And this deed is made, and to have effect, upon the following conditions, to wit,—that the said *Nicholas Turner, Jr.* his heirs, executors, administrators or assigns shall pay"—certain sums, at divers times, within eight years, to a creditor and the daughters of the grantor,—" then this deed to be in full force and virtue, otherwise to be null and void." The son entered into possession of the premises under this deed; and the father, being a widower, resided in his family. On the 29th day of *October* 1821, the father and son mutually executed another indenture; by which the father, " for the consideration hereinafter mentioned," viz. the covenants of the son, demised the hundred acres to him, during the life of the father; and the son covenanted on his part, to maintain and support his father during life. The son afterwards, on the 16th day of *July* 1822, sold and conveyed the premises in fee, to *Samuel W. Clark*; from whom they were taken, by extent, by the demandants, who were his judgment-creditors.

In the return of the proceedings on the back of the execution, it appeared that the appraisers were sworn before " *John McLean*;" but it was no where stated or indicated that he was a justice of the peace, or that he acted in that capacity. And for this defect the tenant objected to the admission of this evidence; but the Chief Justice overruled the objection, reserving it for the consideration of the court.

The jury were instructed that if they should find that the tenant had never entered for breach of the conditions in the two deeds made by him to his son; or that, being in possession, he never gave notice that he claimed to hold the premises for condition broken, they ought to find a verdict for the demandants. Which they did. And the verdict was taken subject to the opinion of the court, upon the correctness of those instructions, and the admissibility of the evidence.

*Allen* and *Child*, for the demandants, and *Sprague* and *Barnard* for the tenant, submitted the question without argument.

MELLEN C. J. delivered the opinion of the Court.

The question whether covenants are dependent or independent, or whether a condition is precedent or subsequent, is to be answered by ascertaining the intention of the parties from an examination of such covenants or such condition, rather than from any precise collocation of words, or formality of language. 3 *Comyn's Dig.* 88, 92. Now from an inspection of the deed of *September* 10, 1819, from the tenant to his son, it is evident that it was intended to pass the fee of the estate immediately to the grantee, subject, however, to be defeated by breach of the conditions expressed in the deed; or in other words, that the estate was conveyed on a condition subsequent, though the language of the condition seems to be that usually employed in the creation of a condition precedent. It would have been singular and unnecessary for the grantor to reserve to himself, as he has expressed it, a life estate in one hundred acres of the tract conveyed, if no estate was to vest in the grantee until after the expiration of eight years. The only sensible construction is that the fee passed at the time of the conveyance, and that the conditions were subsequent. The second deed, of *October* 29, 1821, conveyed the life estate also to the son; and being thus owner of the whole estate, he had a right to convey the same to *Clark;* and by his deed of *July* 16, 1822, Clark became seised thereof, subject to the conditions expressed in the two deeds of conveyance from the tenant.

The only question is whether the estate has been transferred to the demandants by the levy. It is a principle of law perfectly settled by repeated decisions, that every thing that is made necessary by the 27th *sec.* of our revised statute, *ch.* 60, to pass the property in real estate, taken in execution, must appear by the return of the officer to have been done. *Eddy v. Knapp,* 2 *Mass.* 154; *Barnard v. Fisher,* 7 *Mass.* 71; *Whitman v. Tyler,* 8 *Mass.* 284; *Williams v. Amory,* 14 *Mass.* 20. One of the requisites of the statute is that the appraisers shall be sworn by a justice of the peace in the county where the real estate is situate. In the case before us, the return contains no proof whatever that *John McLean* was a justice of the peace. The officer's return refers to

his certificate as to the supposed fact that the appraisers were sworn and how they were sworn; and the certificate of *McLean* proves nothing and asserts nothing as to his acting in any official capacity. We cannot take notice that he was a justice of the peace, if in fact he was one. It has been decided that where the return was silent as to the statute qualifications of the appraisers, parol proof could not be admitted to shew the fact. If a fact could not be proved, it cannot be presumed in support of the levy. As the return now stands we think the objection is a fatal one. But it appearing that the rights of third persons cannot be affected by an amendment of the certificate of *John McLean,* by adding thereto the words "justice of the peace;" or by an amendment of the officer's return, either of which will completely obviate the objection; we are disposed, in support of the proceedings, and for the advancement of justice, to permit the proposed amendment, and leave for that purpose is accordingly granted. After the proceedings shall have been so amended, let judgment be entered on the verdict.