Barnes
*v*
Bartlett.

DAVID BACON, in Error, *versus* PHILIP CRANDON.

The authority of a referee appointed under a rule of court, is not revoked by the
death of one of the parties, in an action which survives.

A referee appointed under a rule of court, may award that the plaintiff shall recover
damages, but that he shall nevertheless pay the defendant's costs.

Where upon the death of the defendant the action was continued two terms to sum
mon in his administrator, and the administrator appeared, and recovered costs, and
taxed costs for travel and attendance at the two terms above mentioned, it was
*held* that such taxing was not erroneous.

Costs are not to be taxed for a witness who has not certified his travel or attendance.

THIS was an action of assumpsit, brought originally before a
justice of the peace, by Bacon against one Thomas. It was
carried up to the Court of Common Pleas for the county of
Plymouth at December term 1831, and was then, by agree-
ment of the parties, referred under a rule of court. Before
the April term 1832, Thomas died, and his death was sug-
gested upon the record, and the action was continued at that
and the succeeding term, for his administrator to come in and
defend. After this, Crandon, as administrator of Thomas,
entered his appearance, and the referee convoked and heard
the parties and made a report awarding that the administrator
should pay the plaintiff the sum of $2·75 as damages, but that
he should recover costs, as the amount of the damages had
been tendered to the plaintiff. Judgment was rendered in the
Court of Common Pleas in conformity to the report of the
referee.

The plaintiff alleged that this judgment was erroneous, be-
cause the appointment of the referee was revoked by the
death of Thomas before the rule of submission came into the
hands of the referee. But it was resolved that the adminis-
trator took up the case where the deceased left it ; that the
reference with the consent of the parties, was a substitute for

*Oct. 26th.*

<div style="margin-left:auto;text-align:left;">Bacon<br>
<i>v.</i><br>
Crandon.</div>

a trial by jury, and it became the act of the court ; and there fore that the authority of the referee was not revoked by the death of Thomas ; and further, that the right of revocation, if any had existed, had been waived by the parties.

It was also assigned for error, that judgment was rendered that the defendant recover his costs, whereas judgment should have been rendered that the plaintiff recover his damage above mentioned and costs of suit.    But *per Curiam.* This objection proceeds on the supposition that a referee has no authority to award damages to one party and costs to the other.    But this ground cannot be supported.    As a general rule the prevailing party recovers costs ; but there may be circumstances which would render this inequitable.    A plain tiff may sue on two demands, one of which is uncontested, and the whole subject matter upon which costs have arisen, may be determined in favor of the defendant, and in such a case the referee may award that the plaintiff, although he recovers damages, shall nevertheless pay costs. . See *Nelson* v. *Andrews*, 2 Mass. R. 164.

It was further assigned for error, that costs were taxed for the travel and attendance of Thomas after his death and before the appointment or appearance of his administrator ; but it was considered that the administrator took up the case by relation, from the death of Thomas, and that these costs were rightly taxed.    It was also objected, that costs were taxed for the travel and attendance of witnesses, of whose travel and attendance no certificate had been filed ; and this was held by the Court to be erroneous.

The judgment, therefore, was reversed in part, namely, so far as respects the costs taxed for witnesses who did not certify their travel and attendance, and was affirmed as to the residue.

*Eddy*, for the plaintiff in error.

*C. J. Holmes*, for the defendant in error.