## SAMUEL BROWN *vs.* JAIRUS S. KEITH, *Adm'r.*

The *statute* of 1829, *ch.* 444, regulating appeals from the Court of Common Pleas, left the costs on judgments on reports of referees, in appealed cases, subject to the provisions of the *statute* of 1821, *ch.* 59, § 30.

By the latter statute full costs are taxed upon the reports of referees, where the plaintiff is the prevailing party, however small the amount recovered may be, unless the referees otherwise direct.

THE action, commenced *January* 5, 1835, was *assumpsit,* and the damage claimed was $700. At the Court of Common Pleas

Brown *v.* Keith.

a verdict was rendered for the defendant, *June Term*, 1835, from which the plaintiff appealed. At the *October Term* of the S. J. Court, 1836, the action was referred by rule of Court, and the report of the referees was made at *May Term*, 1837, that the plaintiff should recover against the goods and estate of the intestate the sum of ten dollars damages. The report was silent respecting costs of Court. The plaintiff moved for full costs of both Courts. The defendant also moved for costs of Court, and also, that the report should be recommitted to the same referees, that they might state, if they chose, how the costs should be taxed.

The question was argued in writing by *J. C. Woodman*, for the plaintiff, and by *D. Goodenow*, for the defendant.

For the plaintiff, the counsel relied upon the express words of the *Rev. Stat. c.* 59, § 30, and insisted that the *statute* of 1829, *c.* 444, did not apply to cases like this. He cited *Moore* v. *Heald*, 7 *Mass. R.* 447 ; *Nelson* v. *Andrews*, 2 *Mass. R.* 164 ; *Hodges* v. *Hodges*, 9 *Mass. R.* 320.

For the defendant, it was urged, that the *statute* of 1829, *c.* 444, settled the rule in relation to costs in this case. The appeal had been taken before the action was referred, and the Court must see the object of the legislature, to prevent appeals from the Court of Common Pleas in small cases. The counsel examined and commented upon the statutes regulating appeals and costs, and insisted, that the defendant was entitled to costs after the appeal to this Court, made by the plaintiff, from a verdict against him. He cited *Godfrey* v. *Godfrey*, 1 *Pick.* 236 ; *Gilman* v. *Burges*, 12 *Mass. R.* 206 ; *Wightman* v. *Hastings*, 4 *Mass. R.* 244 ; *Lakeman* v. *Morse*, 9 *Mass. R.* 126 ; *Leighton* v. *Boody*, 3 *Greenl.* 42 ; *Chase* v. *Tucker*, 2 *Pick.* 27 ; *Andrews* v. *Austin*, *ib.* 528.

The opinion of the Court was afterwards prepared by

Weston C. J. — In determining the original jurisdiction of the respective Courts, it was provided, that Justices of the Peace should have exclusive cognizance in suits, where the debt or damages demanded should not exceed twenty dollars. It was intended, that for demands not exceeding this amount, the Common Pleas should only have appellate jurisdiction.

That the policy of the law might not be defeated, by laying the damages higher, where more was not expected to be recovered, it was enacted that in such case, in actions originally brought in the Common Pleas, if the plaintiff did not recover more than twenty dollars debt or damage, he should be entitled to costs, only to the amount of one fourth part of the sum recovered. *Statute of* 1821, *c.* 59, § 30. Where judgment was obtained for more than twenty dollars, the jurisdiction of the Common Pleas was justified; but an appeal lay from a judgment there rendered, to the Supreme Judicial Court.

In the progress of legislation upon the jurisdiction of courts, these appeals were first restricted, and finally abolished. It was the manifest policy of the *statute of* 1829, *c.* 444, to give the Common Pleas, with certain exceptions, final jurisdiction, where the debt or damage recovered, did not exceed one hundred dollars; and their final cognizance to this amount was protected, not by absolutely denying appeals, but by subjecting the appellant to certain hazards in regard to costs. If the defendant appealed, and reduced the damages, his appeal was so far justified, that a higher rate of costs could not be awarded against him. But if the plaintiff recovered any thing in such case, he was the prevailing party, entitled to costs according to the former general law. To full costs, if he recovered more than twenty dollars; otherwise, to a quarter costs only.

The object of the first law was, to sustain the original jurisdiction of a Justice of the Peace, and of the second, to uphold the final jurisdiction of the Common Pleas. The provisions of the first law had existed in *Massachusetts,* prior to our separation. But it had been there adjudged, that they did not apply to judgments, rendered on reports of referees; but that in such cases, the plaintiff was entitled to full costs, although he recovered less than twenty dollars, unless the referees otherwise awarded. *Moore* v. *Heald,* 7 *Mass. R.* 467. It had been previously decided, that referees had a discretion upon the question of costs. *Nelson* v. *Andrews,* 2 *Mass. R.* 164.

It was thus settled, not only that the restriction in the general law as to costs, did not apply to reports of referees, but that they might withhold costs altogether from the prevailing party. Upon

the revision of the laws in this State, these rules, which before depended upon construction, were made the subject of special enactment. The thirtieth section of the statute first cited provides, "that where judgment shall be rendered upon the report of referees, full costs shall be taxed for the party recovering, notwithstanding the judgment be under twenty dollars, unless a different adjudication respecting the costs shall be made by the report itself." Prior decisions, and at length the Legislature itself, having placed a judgment so rendered upon a ground differing from other judgments, in respect to costs, we are not satisfied, that a distinction thus marked, was intended to be done away by the *statute of* 1829, before cited, in cases coming up by appeal from the Common Pleas.

The reason for the distinction exists as strongly in these as in other cases; and every consideration, upon which a discretion in the referees, in respect to costs, is based, applies with equal force. In our opinion, the *statute of* 1829 left judgments on reports of referees, subject to the special provisions of the former law. As the case stands then, the plaintiff is entitled to full costs; and the defendant's motion for costs in his favor must be overruled. The referees, however, might have determined differently; and as they may not have given the question a distinct consideration, or might have misunderstood the liability of the defendant, we recommit the report, that they may determine, whether the justice of the case requires, that full costs should be awarded in favor of the plaintiff.