## TIMOTHY JONES *vs.* CHARLES J. CARTER.

Arbitrators appointed under a rule of court to hear and determine a complaint for flowing land have power to award concerning costs, so far as such costs are authorized by law; and to include therein the costs of reference, but not an attorney's fee at the hearing before them.

If such arbitrators, after assessing damages in favor of the complainant, add to their award, " The complainant's cost of reference, as taxed and determined by the referees," with a statement of the items, this is a finding that the complainant is to recover his costs so taxed.

COMPLAINT for flowing land, which was referred under a rule of court to arbitrators, who made an award, assessing damages in favor of the complainant, and containing at the end, before their signatures, the following : " The complainant's cost of reference, as taxed and determined by the referees," with a statement of items, which included five dollars for attorney's fee, and sixty-one dollars and fifty cents for referees' fees and expenses. This bill of costs was allowed by the clerk of the superior court, and on appeal by the court; and the defendant appealed to this court.

*M. Wilcox*, for the defendant.

*J. Dewey, Jr.*, for the complainant.

BIGELOW, C. J. The power of arbitrators, appointed under a rule of court, to award on the subject of costs is perfectly well settled in this commonwealth. *Nelson* v. *Andrews*, 2 Mass. 164. *Bacon* v. *Crandon*, 15 Pick. 79. This power is not interfered with or controlled by any statute provisions. Gen. Sts. *c.* 156, § 21. Nor can there be any doubt that it includes an authority to determine concerning the costs of arbitration as well as the costs of court. *Vose* v. *How*, 13· Met. 244. The fees of arbitrators and the expenses attending the hearing before them are the necessary costs of the cause, incurred by the consent of parties before the tribunal of their own selection, and are deemed to be included in the power given by the rule to determine the cause as incident thereto, and forming an essential part of the final determination thereof. But this power cannot be extended farther, so as to authorize an award of costs to either party for fees or items of charge not expressly authorized by law. No

consent to such allowance can be implied from the reference of the cause. Beyond the award of their own fees and the necessary expenses of the reference, such as the charges for the place of meeting and the cost of stationery, arbitrators can include no costs in their award, except those which are expressly authorized by law to be taxed as legal costs. This would include the fees for attendance of witnesses before the arbitrators, and other similar charges.

On looking at the award in the present case, we cannot doubt that it was the intention of the arbitrators to award costs to the complainant, as taxed and made up by them. This is the only reasonable construction of that clause in the award which relates to the subject of costs. Indeed, it could have been inserted for no other purpose. But on looking at the items of costs "as taxed and determined" by the arbitrators, we notice that an attorney's fee of five dollars is allowed. We know of no warrant in law for any such charge before arbitrators. An attorney's fee on an issue of fact or law joined in the superior. court is allowed by Gen. Sts. *c. 156,* § *27.* But it is limited to two dollars and fifty cents. Certainly this provision gives no sanction to the item allowed in the present case, nor are we able to see any plausible ground on which it can be sustained. In this particular, the taxation allowed by the clerk is erroneous, and it must be corrected by striking out the item. When that is done, the order may be, *Taxation affirmed.*