CYRUS R. WOOLSON *vs.* BOSTON & WORCESTER RAILROAD CORPORATION.

If the award of arbitrators, to whom a case is referred by rule of court, is silent on the subject of costs, the prevailing party is entitled to recover them.

TORT against a railroad corporation for injuries alleged to have been occasioned to the plaintiff's trees and herbage, in Framingham, by fire communicated by the defendants' locomotive engine. Writ dated November 21, 1866.

After the parties had filed an agreement at March term 1869 of the superior court that no costs should be taken up to and including that term, the case was, at September term 1869, by their agreement and under a rule of the court in the ordinary form, referred to three arbitrators, who under date of November 29, 1869, signed and returned the following award : " The undersigned do hereby award the plaintiff the sum of $130." Judgment was ordered on this award for the plaintiff, and the defendants appealed to the court from the taxation of costs by

the clerk, in which were included items for the writ, service thereof and entry fee; for the rule referring the case, and the fees of the arbitrators; foɪ a summons to a witness at the hearing before the arbitrators, and for service thereof; and for " witnesses as per certificate," no sum being carried out against this item, but a memorandum " to be added."

On the appeal, *Wilkinson*, J., disallowed the items for the writ and its service and entry; allowed the fees for the rule, and the arbitrators' fees, but no other expenses of the reference; and affirmed in all other respects the taxation made by the clerk. The defendants appealed to this court.

*G. S. Hale*, for the defendants.

*J. P. Converse*, for the plaintiff.

AMES, J. There seems to be no doubt that referees, appointed under a rule of court, may award costs to either party, in whole or in part. *Nelson* v. *Andrews*, 2 Mass. 164. *Bacon* v. *Crandon*, 15 Pick. 79. They may, if they think it just and reasonable, award that the prevailing party shall pay the costs of the suit. *Bacon* v. *Crandon*, 15 Pick. 79. They may, if they choose, award a gross sum which they may intend shall cover both damages and costs. But it is equally certain that what is really referred to them, by such a rule, is the action; that is to say, the merits of the case; the claim which is the subject matter of the action, and all the grounds of defence against it. The costs of suit are incidents of the action, but not separate or independent grounds of claim. The referees have not the means of taxing the costs of court, and ordinarily would not be in a position to know their amount. They occupy the place of the jury, with larger powers, but it is entirely at their discretion whether they will or will not pass any special order on the subject of costs. The plaintiff in this case is the prevailing party; and as such is entitled to recover the costs of the suit, unless he must be considered as prevented from doing so by the fair interpretation of the award. It seems to us that the proper inference from the silence of the referees on the subject of the costs must be, that they did not act upon that subject or take it into consideration at all, and that on the contrary they considered the merits of the plaintiff's claim and the merits of the de-

Woolson *v.* Boston & Worcester Corporation.

fence against it, and found the sum named in the award to be due to the plaintiff. It is not a necessary or logical interpretation of this award, to say that the defendants owe the plaintiff the sum of one hundred and thirty dollars, but that the expense of the litigation, the amount of which they may not know, is to be the plaintiff's loss. The real question is, as to the meaning of the award; and, unless we are constrained by some inflexible rule of law to interpret it as meaning that the sum awarded shall be in full for damages and costs, we should put no such construction upon their silence as to costs.

A case is cited from 5 Dane Ab. 62, *Oliver* v. *Boynton,* decided in 1797, to the effect that, if the award is silent as to costs, it is erroneous to award costs, and a judgment to that effect would be reversed on a writ of error. This case is very scantily and imperfectly reported, and we find on examination of the record that it was in fact an entirely different matter from what the citation seems to import. The original award was, that Oliver should pay to Boynton the sum of ten pounds on demand; "that all actions, suits, quarrels and controversies whatever to the day of the date hereof shall cease and be no further prosecuted, and that each of said parties shall pay and bear his own cost and charges in any wise relating to or concerning the premises." The judgment rendered by the court of common pleas was, that Boynton should recover against said Oliver ten pounds damages, and costs taxed at twenty-eight shillings and six pence. This judgment was afterwards reversed on a writ of error, not on the ground that the award was silent as to costs, but that it expressly excluded costs.

Under the agreement that no costs up to and including the December term 1869 should be charged, the items taxed for writ, service and entry were properly disallowed. The referees' fees were of a later date, and were taxable, for that reason, as part of the plaintiff's costs. The attendance and travel of witnesses, not being taxed by the referees, are properly omitted. The rule adopted in the superior court appears to us to have been correct, and the

*Judgment is therefore affirmed, with costs of this appeal for the plaintiff.*