ADMIRAL J. WARREN & wife *vs.* JOHN WALDRON.

An arbitrator under a rule of court in a writ of entry may award full costs to a tenant who has pleaded disclaimer, notwithstanding the provision of the Gen. Sts. *c.* 134, § 12, that a tenant so pleading shall be allowed such costs only as accrue after filing the plea.

WRIT OF ENTRY, dated November 29, 1869. Plea, *nul disseisin.* The case was referred, under an agreement of the parties, by a rule of the superior court at March term 1870, to an arbitrator, judgment upon his report to be final and execution to issue accordingly. Pending the proceedings before the arbitrator, the court in September 1870 allowed the tenant to plead disclaimer as to part of the demanded premises, upon terms of payment of a double term fee by him to the demandants. The arbitrator afterwards made an award, which was opened and filed on December 13, 1870, and in which, after fixing a line of division between the estates of the demandants and the tenant in the land in dispute, he determined " that the tenant recover of the demandants my fees and charges, which have been paid by him, and his costs before the referee, and costs of court, to be taxed by the court, but this award as to costs is not to interfere with any terms the court has imposed or may impose upon the tenant for the allowance of amendments or otherwise." At March term 1871 the award was recommitted for the arbitrator " to report the proportion of expense and costs accruing before him prior to disclaimer filed," and he reported the proportions accord-

ingly. The court then accepted the award, and ordered judgment thereon, saving the matter of costs. As to that matter, the clerk taxed and allowed to the tenant his full costs before as well as after the filing of the disclaimer ; but the court overruled this taxation, and disallowed the portion prior to such filing and the tenant appealed.

*J. M. Morton, Jr.*, for the demandants, contended that the provision of the Gen. Sts. *c.* 134, § 12, that a tenant pleading disclaimer in a writ of entry shall be allowed such costs only as accrue after the filing of the plea, prohibited the arbitrator from awarding full costs to the tenant.

*J. C. Blaisdell*, for the tenant.

By THE COURT. The action having been referred by rule of court, the referee had exclusive jurisdiction of the question of costs. *Nelson* v. *Andrews*, 2 Mass. 164. *Moore* v. *Heald*, 7 Mass. 467. *Loud* v. *Hobart*, 2 Cush. 325. *Jones* v. *Carter*, 8 Allen, 431. Gen. Sts. *c.* 156, § 21. The judgment should have followed the award. The court had allowed the tenant to amend upon payment of a double term fee, but had not required the further condition of taking no costs prior to that time. Consequently the tenant, upon the acceptance of the award, was entitled to tax his costs prior to the amendment, and the clerk taxed them rightly, and the court afterwards erred in apportioning them. *Taxation of costs by the clerk affirmed.*