DAVID SHURTLEFF *vs.* HORACE PARKER.

Worcester.    Sept. 30. — Nov. 1, 1884.    C. ALLEN & COLBURN, JJ., absent.

A supplementary award of arbitrators, rendered without the knowledge of one of the parties to the submission, and in his absence, after the expiration of the time within which the original award was to be made and "reported," which award, after it had been so made and reported, was to be conclusive, is invalid.

An agreement was made *in pais* by A. and B. to submit to arbitration "all claims, demands, and controversies" which were the subject matter of an action for slander brought by A. against B., which was then pending in court, and which had been twice tried; "also all questions as to costs, expenses of said suit, and damages." B. gave a bond to perform and keep the award made by the arbitrators. The award, after finding that the charges which had been made by B. against A. were unsustained, expressed regret that B. is "to be holden for the pecuniary responsibilities growing out of the case," provided, first, that "all expenses incident to the failure of the hearings before the arbitrators" on a day named "must fall upon the plaintiff;" and proceeded as follows: "Second, owing to the statements made by counsel for the plaintiff, we dismiss the case without assessment of damages. Third, all costs, past and present, incurred in the trial of this case, shall be met by the defendant according to the established usage of our civil courts." A.'s legal costs in said action, taxed as if he had prevailed therein, amounted, at the date of the hearing before the arbitrators, to a certain sum, and the costs of his witnesses before the arbitrators amounted to a certain other sum. *Held*, in an action on the award, that A. was entitled to recover of B. the former sum, but not the latter.

CONTRACT in two counts. The first count was upon an award of arbitrators; the second, upon a bond given by the defendant to perform the award. The case was submitted to the Superior

Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, the material parts of which appear in the opinion.

*H. C. Hartwell*, for the plaintiff.

*L. Wallace*, for the defendant.

DEVENS, J. The supplementary award, on which the plaintiff seeks to recover, was for several reasons invalid. It was rendered entirely *ex parte*, without the knowledge of the defendant, and in his absence, after the expiration of the time within which the award was to be made and "reported," and after it had so been made and reported, which award was to be conclusive. It may therefore be dismissed from the case.

The original award was made upon an agreement *in pais* to submit to arbitration " all claims, demands, and controversies " which were the subject matter of a suit for slander brought by the plaintiff against the defendant, which was then pending in the Superior Court, and which had been twice tried; "also all questions as to costs, expenses of said suit, and damages." It is agreed that the plaintiff's legal costs in said action of slander and libel, taxed as if he had prevailed in said suit, amounted at the date of said hearing before the arbitrators to $481.92, and the cost of the plaintiff's witnesses before said arbitration amounted to $93.85. The defendant gave a bond to perform and keep the award made by the arbitrators; and the inquiry is whether, under this award, the plaintiff is entitled to recover thereon the sums stated, or any part thereof.

The award, after finding that the charges which had been made by the defendant against the plaintiff were unsustained, expresses regret that the defendant "is to be holden for the pecuniary responsibilities growing out of this case." It then takes up the question of costs, and provides, first, that " All expenses incident to the failure of the hearings before the arbitrators, March 14, must fall upon the plaintiff." The meaning of this clause, apparently conceded by both parties, is simply that nothing is awarded to the plaintiff for any costs at the hearing referred to. It then proceeds: " Second, owing to the statements made by the counsel for the plaintiff, we dismiss the case without assessment of damages. Third, all costs, past and present, incurred in the trial of this case shall be met

by the defendant, according to the established usage of our civil courts."

The submission included all the costs and expenses of the litigation between the parties, and, if deemed just by the arbitrators, it was within their power to award these, even to the party against whom they decided the case. *Bacon* v. *Crandon*, 15 Pick. 79, is the converse of the case at bar. It was there held that a referee appointed by a rule of court might award that the plaintiff should recover damages, but that nevertheless he should pay the defendant's costs. To the same effect is *Warren* v. *Waldron*, 108 Mass. 232. If, therefore, upon the statements of the plaintiff by his counsel, which may fairly be interpreted to mean that damages were not claimed, or for any other reason sufficient in the judgment of the arbitrators, there was no assessment of damages, this does not present any obstacle to an award of costs to the plaintiff, if such award is made in intelligible terms. In considering whether the award is so made, it is to be observed that it is made by persons, however intelligent, not acquainted with the technicalities of legal proceedings, and that the agreement provided that neither party should have the benefit of legal counsel at the hearing before them. If the intent of the arbitrators can be fairly ascertained, a liberal construction may properly be given to the terms used by them. *Strong* v. *Strong*, 9 Cush. 560. *Gordon* v. *Saxonville Mills*, 14 Allen, 219. When it is said that all costs are to be met by the defendant, "according to the established usage of our civil courts," the context shows that it is intended to say, according to such usage if a judgment carrying costs had been recovered against the defendant. The words "in the trial of this case" may fairly be interpreted as meaning, not any one particular trial, but the whole procedure which had followed the commencement of the suit. The plaintiff is therefore entitled to recover an amount equal to costs of the slander suit as taxed at $481.92.

The item for costs of witnesses before the arbitrators, the plaintiff is not entitled to recover. The arbitration was not a reference made by rule of court, nor was it a statutory reference. Pub. Sts. *c.* 188. The award was not to be returned to court to be enforced by its authority. It was a common law agreement only. The cost of the witnesses before an arbitration

under this agreement might properly have been awarded against the defendant, as all costs were included within the submission; but when all that was awarded was the costs according to the "established usage of our civil courts," those which could not be embraced as such in any judgment of a court are not included. *Judgment accordingly.*