### JOHN S. STEVENS *vs.* ISAAC SPEAR.

### Knox.    Opinion December 26, 1889.

*Costs. Reference. R. S., c. 82, § 120.*

Where a case was referred, under rule of court, and the report awarded the plaintiff less than twenty dollars and "legal costs of court to be taxed by the court," and the defendant claimed that quarter costs only should be taxed. *Held,* by R. S., c. 82, § 120, in such cases it is provided that, "full costs may be allowed unless the report otherwise provides." In this case the report did not otherwise provide, and, therefore, the plaintiff was entitled to full costs.

ON EXCEPTIONS.

The defendant excepted to the ruling of the court at *nisi prius,* in ordering full costs to be taxed for the plaintiff.

*T. P. Pierce,* for defendant.

*J. E. Moore,* for plaintiff.

DANFORTH, J.    This action was referred and the report awards to the plaintiff less than twenty dollars. The only question raised by the exceptions, is whether full or quarter costs shall be allowed.

R. S., c. 82, § 120, after establishing the general rule that in actions where a sum not exceeding twenty dollars shall be recovered, but quarter costs shall be allowed, provides that, "On reports of referees, full costs may be allowed, unless the report otherwise provides." In this case the report does not

"otherwise provide." The term "legal" does not modify or change the effect of the award in respect to costs. If left out, legal costs only,—that is, such as the statute provides,—could be taxed; with it, no less.

The cases *Thompson* v. *Thompson*, 31 Maine, 130, and *Hilton* v. *Walker*, 56 Maine, 70, relied upon in argument were decided under the provisions of § 121, which provides that cases tried before a jury, in which a set-off has been filed, and a sum not exceeding twenty dollars has been recovered, the plaintiff is entitled to full costs, if the jury certify in their verdict that the damages were reduced so low as that sum, by reason of the amount allowed in set-off." In those cases the certificate of the jury was wanting. They, therefore, fell under the general rule, by which but quarter costs were allowable. In this case, there is no provision in the report confining the plaintiff to quarter costs; it therefore falls under the provision allowing full costs.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.