CATHERINE McLAUGHLIN *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    March 10, 11, 1896. — May 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Arbitration and Award — Discharge of Reference — Mistake of Fact — Costs.*

An action of tort by agreement of parties was, under a rule of the Superior Court, referred to referees, "all questions of law being reserved, the findings of fact of a majority of said referees to be final." The referees found that judgment should be entered for the defendant, with costs. On the coming in of the report the plaintiff moved that the award be. rejected and the reference discharged because he consented to the reference under a mistake of fact. *Held*, that the action of the Superior Court in overruling the motion could not be reviewed by this court on appeal, none of the evidence being before it, and the findings of fact of the referees being expressly made final by agreement of the parties.

If a case pending in court is referred to arbitrators they may award costs, though the rule of reference is silent on the subject.

A finding by referees that judgment should be entered for the defendant was a

statement of the conclusions to which the referees had come, and as such was competent for them to make, under a reference which provided that all questions of law are reserved, and the findings of a majority of the referees are to be final.

TORT, for personal injuries. While the case was pending in the Superior Court, an agreement of reference was made. The questions upon the construction thereof, of the rule of court, and of the doings of the referees thereunder, are stated in the opinion.

*A. M. Lyman*, (*J. J. McLean* with him,) for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.

MORTON, J. This was an action of tort, to recover of the defendant for injuries received in falling, on the Roxbury crossing of the defendant's railroad, on ice which was caused, it is alleged, by water negligently and carelessly allowed by the defendant to fall from its engine and cars while passing over the crossing, and negligently allowed by it to remain there and freeze. The action was originally brought against the defendant and the city of Boston, but was afterwards discontinued against the city and prosecuted against the defendant alone. By agreement of parties, the case was referred, under a rule of court, to referees, "all questions of law being reserved, the findings of fact of a majority of said referees to be final." The referees found that the plaintiff was in the exercise of due care ; that the ice was not caused by the defendant, but was due to natural causes, and that there was no defect in the condition and construction of the railroad at the place where the accident occurred, and found that judgment should be entered for the defendant with costs. There were two reports by the referees. The first was recommitted, with instructions to "report more fully the facts found by them in regard to the construction and condition of the railroad track, and in regard to the ice and the causes of the formation thereof at the place where it existed." On the coming in of the second report, the plaintiff moved that the award be rejected and the reference discharged, because the plaintiff consented to the reference under a mistake of fact, because the referees had not reported all the material facts and no judgment could be entered on the facts as reported, and the court had no power to enter judgment on the award, and because

the referees had exceeded their authority in finding that judgment should be entered for the defendant with costs. The defendant filed a motion that the award be confirmed and judgment entered thereon for the defendant. The plaintiff's motion was overruled, and she appealed. The defendant's motion was allowed, and the award was accepted and confirmed, and judgment entered thereon for the defendant. From this also the plaintiff appealed.

The action of the Superior Court in overruling the plaintiff's motion to discharge the reference because it was entered into by her by mistake, cannot be reviewed here. None of the evidence in relation to that matter is before us; nor is any of the evidence heard by the referees. It would not matter if it were, since their findings of fact are expressly made final by agreement of the parties.

We discover no omission of any material fact from the report of the referees, nor any difficulty in entering judgment on, the award.

The case was pending in court at the time when it was referred, and whatever may be the rule as to references *in pais*, it is well settled that in such a case arbitrators have the power to award costs, though the rule of reference is silent on the subject. *Nelson* v. *Andrews*, 2 Mass. 164. *Buckland* v. *Conway*, 16 Mass. 396. *Bacon* v. *Crandon*, 15 Pick. 79. *Vose* v. *How*, 13 Met. 243. *Jones* v. *Carter*, 8 Allen, 431. *Brown* v. *Mathes*, 5 N. H. 229. *Chapin* v. *Boody*, 25 N. H. 285.

The finding that judgment should be entered for the defendant was a statement of the conclusion to which the arbitrators had come on the facts found by them, and as such was competent for them to make. The rulings of law which the plaintiff requested, and which the arbitrators refused, were reserved, as the reference provided should be done.

*Judgment affirmed.*