CHARLES H. ROBINSON *vs.* EDWARD CHASE.

York.   Opinion August 22, 1916.

*Reference under Rules of Court.    Revised Statutes, Chapter 84, Section 136, interpreted.   Waiving of terms of Statute.*

A referee, under a rule of court, has full authority to allow, disallow or limit costs to the prevailing party.

Action of assumpsit on account annexed to recover for work and labor done and materials furnished. Writ entered in Supreme Judicial Court, York county, Maine, May term, 1915. Defendant filed plea of general issue and at the same term the matter was sent to a referee and a writ of reference duly issued. After hearing both parties, referee reported a certain sum due plaintiff, but in the same finding disallowed the plaintiff or his witnesses any fees or costs for the hearing. Objections were filed by plaintiff to said report, and upon an agreed statement of facts, case reported to Law Court for determination on the question of costs. Report of referee accepted. Judgment for plaintiff on the report.

Case stated in opinion.

*John G. Smith,* for plaintiff.

*E. S. Titcomb,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J.   This case was heard by a referee under a rule of court.   The referee's award was in favor of the plaintiff; but he awarded that "no costs be allowed and taxed for attendance of plaintiff and for his witnesses at the hearing."   The plaintiff objected to the acceptance of the report of the referee in so far as the referee had disallowed costs for his witness fees.   Thereupon the case was reported to this court for its determination of the question of costs.

It is the settled rule in this State, that a referee under a rule of court, without limitation or restriction, has full authority to allow, disallow or limit costs to the prevailing party.   *Brown* v. *Keith*, 14 Maine; 396; *Hatch* v. *Hatch*, 57 Maine, 283; *Morse* v. *Morse*, 62 Maine, 443; *Nutter* v. *Taylor*, 78 Maine, 424.   The rule is of long standing.   While Maine was still a part of Massachusetts, this question was considered by the supreme judicial court of the commonwealth in *Nelson* v. *Andrews*, 2 Mass., 164 (1806).   The justices delivered their opinions seriatim.   The justices were agreed that referees under a rule of court were authorized to make award respecting costs.   Parker, J., said:   The practice has uniformly prevailed and been acquiesced in.   Sewall, J., said:   It is sufficient that the practice here has been constant and uniform, and has been recognized by the Legislature.   Sedgwick, J., said:   In practice referees have uniformly awarded respecting them, sometimes, for the whole, sometimes for part, and sometimes for none; and this practice has been sanctioned by the court.   The statute gives no express authority to the referees for this purpose, but it clearly supposes such authority to exist.   Parsons, C. J., said:   This practice is of so long standing that it cannot now be shaken, if we were so disposed.   But the practice may be considered as beneficial. There may be reasons respecting the allowance of costs, which in the minds of referees would very properly have weight, although they could not be admitted in a court of law.   It may appear to them that a creditor has unduly harassed his debtor for a trifling demand, or has brought his action before the cause of action accrued. Many other reasons may be conceived.   It was therefore both legal and expedient that these referees should take the subject of costs into consideration, and make their award concerning them.

In the case of *Nelson* v. *Andrews,* just cited, the reference was of the suit and all demands between the parties. But the rule is the same when only a suit is referred. *Bacon* v. *Crandon,* 15 Pick., 79.

The plaintiff, however, says that if the practice is so settled, it is settled wrong, and in violation of the statute which provides that, in all actions, the party prevailing recovers costs, unless otherwise specially provided. R. S., ch. 84, sec. 132. To this contention there are two answers. The first is that the parties may waive the statute. A reference can be made only by agreement. The parties choose their own tribunal. *Piscataquis Savings Bank* v. *Herrick,* 100 Maine, 494. The settled practice gives to that tribunal the auhority to determine the question of costs. By agreeing to the reference the party submits to that authority, and waives his statutory right. The second answer is that the authority of referees to determine costs is recognized by the statute. R. S., ch. 84, sect. 136. By this statute it is provided that "on reports of referees, full costs may be allowed, *unless the report otherwise provides.* This language plainly implies that a referee may determine the question of costs. It was so held, in effect, in *Brown* v. *Keith,* supra.

It follows, then, that the referee in this case had authority to disallow the plaintiff's costs in whole or in part. His report is final and must be accepted.

> *Report of referee accepted.*
> *Judgment for plaintiff on the report.*