HUBBARD C. NEWELL *vs.* NELLIE P. STANLEY.

Cumberland.        Opinion, August 7, 1940.

*Bradley, Linnell, Nulty & Brown,* for plaintiff.
*Pattangall, Goodspeed & Williamson,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

WORSTER, J. On exceptions to the refusal of the presiding justice to allow expert witness fees for two witnesses who had testified at the hearing of this case before referees.

This is an action of assumpsit on an account annexed, to recover the balance due for labor and materials furnished in and for the construction of a house and garage, and for certain other items which it is unnecessary to mention here.

The writ was entered at the October Term, 1939, of the Superior Court in our County of Cumberland, and at the same term, by agreement of the parties, the action was referred to referees, to whom a rule of reference was issued under the provisions of R. S. 1930, Chap. 96, Sec. 94.

After hearing the case, the referees found for the plaintiff in the sum of $12,467.21, and made a report of their decision to that court at its January Term, 1940.

At said January Term, and after the report of the referees had been made as aforesaid, the plaintiff filed a motion in that court, under oath, addressed to the justice of the Superior Court, praying for the allowance of expert witness fees for two builders and contractors who, it appears from the motion, had testified for the plaintiff at the hearing before the referees. It is claimed by the plaintiff that each of these witnesses was in attendance at that hearing for three days, and that it is necessary for him to pay each of them, as an expert witness, the sum of $25.00 a day, or a total of $75.00 each.

No hearing was had on the motion at that term of court, but the matter came on to be heard at the next term, when the presiding justice made an order thereon, which reads as follows:

"Upon consideration of the foregoing, motion is denied, no expert witness fees allowed."

Thereupon, the plaintiff duly excepted, and presents here his bill of exceptions, which has been "allowed if allowable" by the presiding justice.

It is stated in the bill that:

"The sole question before the Superior Court on Plaintiff's Motion for allowance of expert witness fees was whether or not the Superior Court had power in this case to allow expert witness fees. . . .

"The Superior Court dismissed Plaintiff's Motion on the ground that it had no jurisdiction to allow expert witness fees in this case which had been heard by Referees."

In the absence of statute, expert witness fees cannot be allowed to the prevailing party and included in his taxable costs. 15 Corpus Juris, page 131; 20 Corpus Juris Secundum, page 477. See, also,

*Goodridge, Adm'x et al., Appellants from Decree of Judge of Probate*, 137 Me., 13, 14 A., 2d, 501.

But the plaintiff claims that the court now has jurisdiction to allow expert witness fees in such a case as this, under the provisions of R. S. 1930, Chap. 126, Sec. 7, which reads as follows:

> "Witnesses in the supreme judicial court or the superior court or in the probate courts and before a trial justice or a municipal court, shall receive two dollars, and before referees, auditors, or commissioners specially appointed to take testimony, or special commissioners on disputed claims appointed by probate courts, one dollar and fifty cents, or before the county commissioners one dollar, for each day's attendance and six cents a mile for each mile's travel going and returning home; but the court in its discretion, may allow at the trial of any cause, civil or criminal, in said supreme judicial court or the superior court, a sum not exceeding twenty-five dollars per day for the attendance of any expert witness or witnesses at said trial, in taxing the costs of the prevailing party; but such party or his attorney of record, shall first file an affidavit, during the term at which such trial is held, and before the cause is settled, stating the name, residence, number of days in attendance, and the actual amount paid or to be paid each expert witness, in attendance at such trial. And no more than two dollars per day shall be allowed or taxed by the clerk of courts, in the costs of any suit, for the per diem attendance of a witness, unless the affidavit herein provided, is filed, and the per diem is determined and allowed by the presiding justice."

It is to be noted that under this statute expert witness fees can be allowed only "at the trial of any cause, civil or criminal, in said supreme judicial court or the superior court. . . ." *Goodridge, Adm'x et al., Appellants from Decree of Judge of Probate*, supra.

But, the plaintiff argues, a hearing before referees, serving under a rule of reference issued out of the superior court, is a trial in the superior court, within the meaning of this statute, so far as the provision relative to expert witness fees is concerned. This contention cannot be sustained.

Referees appointed under a rule of court, by agreement of the

parties, undoubtedly act judicially, but they are not the court. They constitute a special tribunal of the parties' own choosing, whose report must be accepted by the court before any judgment can be rendered thereon. *Perry* v. *Ames, Appellant,* 112 Me., 202, 91 A., 931; *Staples* v. *Littlefield,* 132 Me., 91, 167 A., 171; *Kliman* v. *Dubuc,* 134 Me., 112, 182 A., 160.

And since referees are not the court, it necessarily follows that a hearing before them is not a trial of a cause in the superior court, within the meaning of this statute.

The plaintiff, however, urges that since the report of the referees has been filed in court, in this case, he is entitled to have the court pass upon his prayer for the allowance of expert witness fees. In support of this contention, he cites R. S. 1930, Chap. 96, Sec. 160, which provides that:

> "When . . . a report of referees is accepted, in an action, either party on application to the court, may have the costs recoverable taxed by the clerk, and passed upon by the court during the term. . . ."

That statute is not in point here. It only applies where the "report of referees is accepted," but there is nothing in the instant case to show that the report of the referees ever has been accepted.

In fact, it is conceded by the defendant that it has not been accepted, for he states in his brief:

> "The Report was filed just prior to adjournment of the January Term and has not yet been allowed."

Moreover, even if the report had been accepted, that statute would not support the plaintiff's contention, because it only applies to those costs which the clerk himself might tax in the first instance. It does not apply to expert witness fees, for in no case can they be included by the clerk in the taxable costs of the prevailing party until after they have been determined and allowed by the presiding justice. R. S. 1930, Chap. 126, Sec. 7.

Nor have the referees power to allow expert witness fees and include them in the costs of reference, by virtue of the provisions of R. S. 1930, Chap. 126, Sec. 8. The section last cited is the general statute authorizing the taxation of costs, exclusive of expert wit-

ness fees, for the prevailing party in an action in court, and it is provided therein that:

"No referee shall allow costs in any proceedings in excess of the above provisions."

But the plaintiff also relies on a provision in R. S. 1930, Chap. 96, Sec. 144, which reads as follows:

"On report of referees, full costs may be allowed, unless the report otherwise provides."

This is the closing sentence in the section dealing with the recovery of quarter costs in certain cases, in actions in court, and its only purpose is to except reference cases from the quarter-costs rule. So that statute is not in point here. See *Stevens* v. *Spear*, 82 Me., 184, 19 A., 157.

Moreover, the referees actually have allowed costs in their report. It is therein stated that:

"The Plaintiff is allowed costs of this reference in the sum of $16.90 . . . and costs of court as computed by the Clerk of Courts."

This is equivalent to an explicit refusal to allow the plaintiff any further or other costs than those mentioned in their report.

In any event, by agreeing to an unrestricted, unlimited reference of this case to referees under a rule of court, the plaintiff waived all the statutory rights which he might have had to expert witness fees and costs of court had the case been tried in court. *Robinson* v. *Chase*, 115 Me., 165, 98 A., 483.

And, having voluntarily submitted his case to the decision of referees, as a special tribunal, the plaintiff must be content to forego his claim for expert witness fees, which that tribunal had no power to allow, and did not allow.

The presiding justice had no jurisdiction to grant the plaintiff's motion.

There was no error in the ruling complained of.

*Exceptions overruled.*