Patricia POPE, et al.*

v.

Eduardo REMISA and Henry Suprenant.

Supreme Judicial Court of Maine.

Argued June 8, 1983.

Decided July 29, 1983.

---

* The other plaintiffs are Dorothy Strauss, Lyman Pope, Jr., Thelma Sewall, Sylvia McClaren, and Barbara Cushing.

Wayne E. Murray (orally), Beamis, Davis, Murray & Grossman, Somersworth, for plaintiffs.

Lee K. Bragg (orally), Lester F. Wilkinson, Jr., Sanborn, Moreshead, Schade & Dawson, Augusta, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

VIOLETTE, Justice.

Defendants appeal from a Superior Court, York County, acceptance of a Referee's Report finding public and private easements by prescription over defendants' property and assessing costs. We sustain their appeal.

## FACTS

Wharf Lane Extension is a way running north along defendants' property in Ogunquit and terminating in a Y-shaped fork at its northern outlet onto Beach Street, a public road. Plaintiffs' properties abut the way's western border. Since at least 1946, defendants had maintained a fence along the way's eastern boundary. In 1981, defendants erected two new fences: one, several feet farther west, narrowed the way; the other cut off entirely the easterly branch of the fork exiting on Beach Street.

Plaintiffs sought declaratory and injunctive relief to establish their right to a prescriptive easement over the way as it stood prior to 1981. After trial before a Referee, and after a hearing on defendants' objec-

tions to acceptance of the Report, the presiding justice entered the recommended judgment:

> It is Ordered and Adjudged that plaintiffs are owners, in common with the public, of an easement over land of defendants known as Wharf Lane Extension, the easterly bounds of which follows the line of posts in the fence as it existed prior to relocation by defendants in 1981 .... It is Ordered and Adjudged further that defendants are ordered, directed and enjoined to remove the board fence blocking the easterly exit of Wharf Lane Extension into Beach Street, and either to remove entirely or relocate the stockade fence now located within the lane, and if relocated, then [to its pre-1981 location].
>
> It is Ordered and Adjudged further that plaintiffs be awarded their costs in the amount of $2,423.78.

## I.

■ By motion dated April 27, 1983, and again at oral argument, plaintiffs pray that we strike the trial transcript from the record on appeal because it was not before the Superior Court when it accepted the Referee's Report. We agree, and therefore order the transcript stricken from the record. *See Calthorpe v. Abrahamson,* 423 A.2d 231, 233–34 (Me.1980).

## II.

■ Both parties correctly agree that the Referee's ruling as to the public's easement over Wharf Lane Extension was beyond the scope of his reference and that it was, therefore, improperly entered as part of the judgment. A Referee's power is restricted to determining only those issues actually submitted to him by the pre-trial order and the order of reference. *Thornton v. Estate of Cressey,* 413 A.2d 540, 544 (Me.1980); *see* M.R.Civ.P. 53(c), (e)(1); *Boothbay Harbor Condominiums v. Department of Transportation,* 382 A.2d 848, 853 (Me.1978). The initial complaint, the parties' pre-trial memoranda, and the pre-trial order all refer only

to an action to establish a private way. The pre-trial order, which the Referee "lacks even the residual power of a Justice presiding at a trial to modify," *Thornton,* 413 A.2d at 544, stated the issue in the case as "location and extent of prescriptive easement—defendants don't deny existence—but dispute width and location." In addition, the Order for Reference also made no mention of the determination of any "public rights" in the easement.

■ We conclude that the Referee's finding as to plaintiffs' ownership, "in common with the public," exceeded his authority. Defendants then contend that the Referee's findings as to plaintiffs' easement and "the public's" easement are so inextricably woven together that, if the finding of a public easement was in error, the plaintiffs' private easement cannot stand on its own. On the record before us, we find that the public and private aspects of the easement are separable and that the judgment establishing plaintiffs' private easement is amply supported by the Referee's findings of fact. We do find, however, that the presiding justice erred by not modifying the Referee's Report in response to defendants' objections by striking all references to public ownership of the easement and entering judgment accordingly. M.R.Civ.P. 53(e)(2).

## III.

■ Defendants also object to three elements of costs assessed against them by the presiding justice. First, defendants argue that it was unfair to charge them with the costs of several depositions taken by plaintiffs. Assessment of the costs of depositions, however, "shall be subject to the discretion of the court," M.R.Civ.P. 54(g), and we find no abuse of that discretion.

■ The presiding justice did err in awarding plaintiffs $250 for the preparation of a "visual aid." Under 14 M.R.S.A. § 1502-A, costs for visual aids are not to exceed $150.00.

■ Finally, defendants, pointing to an agreement as to costs entered in the Order

for Reference, contend that plaintiff Patricia Pope, rather than defendants, should have been assessed the costs of the Referee. We agree. Although costs are generally allowed to the prevailing party as a matter of course, 14 M.R.S.A. § 1501; M.R.Civ.P. 54(d), the parties can, by agreement, make special provisions for the costs of a reference. *See* 14 M.R.S.A. § 1153; *see also Newell v. Stanley,* 15 A.2d 30, 32, 137 Me. 33, 38 (1940); 20 Am.Jur.2d *Costs* § 52. Here, the Order for Reference expressly stated that "By Agreement of the parties, Plaintiff Patricia Pope will bear the expense of the Referee." That agreement must now bind the parties. The presiding justice should have assessed plaintiff Pope with the entire amount of the Referee's fee.

### IV.

For the reasons discussed above, we sustain defendants' appeal. On remand, the Superior Court is to strike the phrase "in common with the public" from its judgment. Moreover, the Superior Court shall charge the costs of the Referee to plaintiff Patricia Pope and reduce the costs attributable to plaintiffs' visual aid to the statutory limit of $150.00.

The entry is:

Appeal sustained.

Case remanded to the Superior Court with instructions to amend its judgment consistent with the opinion herein. Judgment otherwise affirmed.

All concurring.