## INHABITANTS OF BUCKSPORT *vs.* JOSEPH L. BUCK.

### Hancock.    Opinion August 10, 1896.

*Award.    Objections to Report.    Practice.    Rule of Court, XXI.    Town Records. Amendment.    R. S., c. 3, § 10.*

Rule XXI of the court requires that objections to any report offered for acceptance shall set forth specifically the grounds of the objections; and that these only shall be considered by the court.

Where the award of a referee is absolute in form, contains no conditions and submits no questions either of law or fact to the determination of the court, and no exceptions to his rulings at the time of the trial before him appear to have been taken or reserved, *held;* that objections to the acceptance of the award which are general only should be overruled.

Objections to the admission of evidence must be made when the evidence is offered, or they will be regarded as having been waived. The reasons for this rule restated.

In a suit to recover a tax and in which the defendant denied its validity because of errors and defects in the records of the town where it was assessed, the court remarks that the granting a new trial to the defendant would be of no advantage to him when it appears that such errors and defects are in matters of form only, and are amendable under the statute. R. S., c. 3, §10.

ON EXCEPTIONS BY DEFENDANT.

This was an action of debt brought in the name of the Inhabitants of Bucksport against the defendant, Joseph L. Buck, to recover the sum of $259.57 for taxes assessed against the defendant upon his poll, personal property and real estate in the town of Bucksport for the year 1888. At the April term, 1894, the case was referred to Hon. William P. Whitehouse, with right to except regarding matters of law.

At the April term, 1895, the final award of the referee was filed, and at the same term the defendant filed objections to the acceptance of said award and reasons therefor in writing; but the presiding justice overruled the objections, and, on motion of the plaintiff's counsel, ordered the award accepted; to which ruling the defendant seasonably excepted.

The writ and declaration, account in offset, report of referee made at April term, 1895, with copies of all records made part

thereof, the objections to acceptance of said report and reasons therefor, were all made a part of the bill of exceptions.

(Report of referee.) "By virtue of the foregoing rule of reference, I, the undersigned referee, gave due notice to the parties named therein to meet at Bucksport on the fourth day of September, A. D. 1894, at which time and place I met the parties, and having heard their several pleas, proofs and allegations, and duly considered the same, do hereby make this my final award and determination in the premises, to wit:

"That the said Inhabitants of Bucksport recover of the said Joseph L. Buck the sum of one hundred and twenty-seven dollars and seventy cents, debt or damage, and costs of reference taxed at three dollars and seventy-two cents, together with costs of court to be taxed by the court.

"And I further find that all of the items in the account in set-off, filed by the defendant, were barred by the statute of limitations prior to the commencement of the plaintiff's action, and prior to the assessment of the tax therein described.

"At the hearing, the plaintiffs offered as evidence in support of their action the warrant for the annual meeting of the town of Bucksport for the year 1888 with the officer's return thereon; records of said meeting; record of the qualification of selectmen and assessors for said year; record and appointment and qualification of collector of taxes for said year, with assessors' lists of taxes assessed for said year and warrant and commitment to the collector of taxes; also said collector's written authority to bring suit for collection of said taxes.

"I find that said tax had been duly demanded of said defendant, and I rule that these records are legally sufficient, and accordingly find that upon them the plaintiffs are entitled to recover of defendant the unpaid portion of the tax sued for in this action, to wit, the sum of one hundred and twenty-seven dollars and seventy cents.

"Copies of so much of said record as may pertain to the cause are to be filed herewith and made a part of this report.

"Dated at Augusta, this eighteenth day of October, A.D. 1894.

WILLIAM P. WHITEHOUSE, Referee."

(Objections to acceptance of referee's report.) And now the said defendant comes and objects to the acceptance of the award of the referee in the above-entitled case filed at the present term, and states the following as his objections thereto:

1. Because said referee found that the account in set-off, seasonably filed in the case by defendant, was barred by the statute of limitations and refused to allow the same.

2. Because said referee found that the records introduced by plaintiffs to sustain their said action, and made part of said referee's report, were legally sufficient, and that upon them the plaintiffs were entitled to recover of defendant the unpaid portion of the tax sued for in said action, to wit, the sum of one hundred and twenty-seven dollars and seventy cents.

*O. F. Fellows and O. P. Cunningham*, for plaintiffs.

*H. E. Hamlin*, for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, STROUT, JJ.

WALTON, J. This action is before the law court on exceptions to the acceptance of the award of a referee. It is an action commenced by the Inhabitants of the town of Bucksport against Joseph L. Buck to recover a town tax assessed against him in 1888. The action was referred to Mr. Justice WHITEHOUSE with the right to except regarding matters of law. Mr. Justice WHITEHOUSE has made an award in favor of the town, therein stating that he found an account filed by the defendant in set-off barred by the statute of limitations. He also states that, at the hearing before him, the plaintiffs offered in evidence in support of their action certain records of the town of Bucksport, which he ruled were legally sufficient. But his award is in form absolute. It contains no conditions and submits no questions either of law or fact to the determination or revision of the court. So far as appears, no objections to his rulings were made at the time of the trial before him, and no exceptions were then taken or reserved. But when his award was presented for acceptance

in the court below, the defendant filed objections to its acceptance. He objected in general terms to the finding of the referee that his account filed in set-off was barred by the statute of limitations, and to the ruling of the referee that the town records were legally sufficient. But he did not set forth the grounds of his objections, as required by rule XXI of this court. Rule XXI declares that objections to any report offered to the court for acceptance, shall be made in writing and filed with the clerk, and shall set forth "specifically" the grounds of the objections, and that these only shall be considered by the court.

In the present case, the objections were in writing, and they were filed with the clerk; but they did not set forth specifically the grounds of the objections. It would be difficult to conceive of objections more unspecific. Everything stated in the report of the referee, and everything stated in the defendant's objections, and everything stated in his bill of exceptions, may be true, and yet the defendant have no grounds of complaint. There is nothing in the case to indicate that the finding of the referee, that the account filed in set-off was barred by the statute of limitations, was not correct. Apparently it was correct.

Our attention has been called to certain supposed defects in the records of the town of Bucksport, and particularly to a defective return on the warrant for the annual town meeting for the year 1888. The return on the warrant is undoubtedly defective, as the authorities cited by the learned counsel for the defendant will show. But there is neither averment nor proof before us that these defects were called to the attention of the referee, or that any objections whatever were made to the sufficiency of the town records, at the time of the trial before him. This we regard as a very serious omission; for, if no such objections were then made, they could not be successfully made afterwards. It is a well-settled rule of law that objections to evidence must be made when the evidence is offered, or they must be regarded as waived.

In *Patten* v. *Hunnewell*, 8 Maine, 19, the action had been referred by a rule of court; and, on the coming in of the award, which was in favor of the plaintiff, the defendant objected to its

acceptance, "because the referee admitted the verbal statement of the plaintiff, not under oath, in proof of a material part of the claim or cause of action sued; and upon said statement, without any other evidence in support of it, allowed that part of said cause of action, and awarded that the plaintiff recover the same." The objection was overruled in the court below, and the defendant excepted. The full court held that the objection was properly overruled, because it did not appear that the evidence was objected to at the time it was offered. "Surely," said Chief Justice MELLEN, "if in the trial of an action at law, an improper witness is admitted without any objection, such admission can be no legal ground for an exception; and why should it be here? We see no reason for sustaining the exception, and it is accordingly overruled."

So, in *Kimball* v. *Irish*, 26 Maine, 444, where, in an action on a poor debtor's bond, the records of two justices of the peace and of the quorum, introduced in defense to show that the debtor had disclosed and been discharged, were defective, and the court ruled that the records were sufficient to show a performance of one of the conditions in the bond, and the plaintiff excepted, the full court held that all objections to the records not specifically made during the trial must be regarded as waived, and that a bill of exceptions to the reception of illegal evidence, or to a ruling that it is sufficient, must show that the objections were so made, and were specific, or the exceptions will not be sustained. "Regularly," said Chief Justice WHITMAN, "exceptions, in order to be available, should be specifically taken during the trial, and, if not so taken, they should be considered as waived." And he stated the reason of the rule as follows: "This certificate was introduced as evidence that the oath had been taken as required, and went to the jury without objection, as affording evidence that it had been so taken. If it had been objected to on its being introduced, the defect might have been cured by an amendment, and perhaps by parol proof. The objection, therefore, if valid when seasonably made, comes too late, and can not be allowed to prevail without manifest injustice." The defect in the certificate

of discharge was that, it had no date, and would as well apply to any other bond as the one in suit.

In *White* v. *Chadbourne*, 41 Maine, 149, it was urged that when the evidence is documentary, a bill of exceptions stating that the evidence was objected to ought to be held sufficient, because the court can, upon examination of the evidence, determine whether or not the objection is well taken; but the court held that it is no part of the duty of a judge at nisi prius to examine documentary evidence in search of matter that may render it incompetent; that all objections to evidence, to be available, must be specific; and that a bill of exceptions which fails to show that the objections were specific, can not be sustained. Objections, when not made at the trial, come too late. *Longfellow* v. *Longfellow*, 54 Maine, 240. And the objections must be specific. *Bonney* v. *Morrill*, 57 Maine, 368.

The reasons are obvious and substantial. Parties are entitled to an opportunity. to avoid exceptions to the competency or the sufficiency of their evidence, if they can. This they can do by withdrawing the evidence objected to; or, if the evidence is documentary, and the objections are to mere matters of form, by withholding it till the defects can be removed by amendments. These are rights of which parties can not be rightfully deprived. They have a right to insist that all objections to their evidence shall be made when the evidence is offered, and be specific, so that they can intelligently determine whether they will take the risk of an exception, or avoid it in one of the ways mentioned; or, if not so made, that the objections shall be regarded as waived.

We are not holding that the records of the town of Bucksport were all in proper form. But it may not be out of place to say that all of the defects to which our attention has been called are in matters of form only, and that such defects are now amendable; and that, if a new trial should be granted, it is not only possible, but probable, that every one of them would be cured by legitimate and truthful amendments before the records would be again offered in evidence. And then, of what advantage would the new trial be to the defendant? See R. S., c. 3, § 10.

But, for reasons already stated, we do not think a new trial can be granted. The objections to the award of the referee filed in the court below were not sufficiently specific to satisfy the requirements of Rule XXI of this court; nor is the bill of exceptions sufficiently full in its statements to show that the defendant is an aggrieved party. As we have already said, everything stated in the award of the referee, and everything stated in the defendant's objections to the acceptance of the award, and everything stated in the defendant's bill of exceptions, may be true, and yet the defendant may have no just cause to complain.

*Exceptions overruled.*