## OLIVER G. PERRY *vs.* FRED Y. AMES, App't.

### Knox.   Opinion October 3, 1914.

*Award.   Exceptions.   Finding of Referees.   Law and Fact.   Reference by Rule of Court.   Reservation.*

1.   In the absence of fraud, prejudice or mistake on the part of a referee, appointed under Rule of Court, his finding is conclusive on questions both of law and fact.

2.   The fact that the referee states in his report findings of law which, upon examination by the Court might be deemed unsound, is immaterial.   The determination of the referee is final.

3.   The word "mistake" used in this connection does not mean an error in judgment but some unintentional error such as a mathematical computation.

4.   Rule of Court XLV, adopted in 1908, provides that "in references by Rule of Court no stipulation will be allowed for a review by the Court of the decision of the referee upon any question of law or fact submitted, but the referee may find the facts and report questions of law for decision by the Court."

On exceptions by defendant.   Exceptions overruled.

This is an action on the case to recover part of the expense in repairing a wharf at Matinicus.   The action was entered and tried in Police Court of Rockland, Knox County.   Judgment in said Court was for the plaintiff; from which judgment, defendant appealed to the Supreme Judicial Court.   The case was then referred, by Rule of Court, to a referee, who made a report of his findings to said Court.   The presiding Justice accepted said report, and the defendant excepted to said ruling accepting said report.

The case is stated in the opinion.

*Frank H. Ingraham*, for plaintiff.

*A. S. Littlefield*, for appellant.

SITTING:   CORNISH, BIRD, HALEY, HANSON, JJ.

CORNISH, J.   Exceptions by appellant to the ruling of the presiding Justice accepting the report of the referee to whom the pending cause had been referred by agreement of the parties and under rule of court in the ordinary form.

The objection raised by the appellant to the acceptance of the report is that "the referee made an error in law in his decision holding the defendant liable" and he states the reasons for his contention based upon the terms of the report itself.   But this objection, even if true, is unavailing.   In the absence of fraud, prejudice or mistake on the part of the referee his finding is conclusive on questions both of law and fact.   This rule has been reiterated in a long line of decisions from *Smith* v. *Thorndike,* 8 Maine, 119, down to *Armstrong* v. *Munster,* 103 Maine, 29, and *Stewart* v. *Leonard,* 103 Maine, 128. The reason for the rule is that the parties, having submitted their cause without reservation to a tribunal of their own choosing, are bound by a decision of that tribunal and should not be permitted to afterwards return to the tribunal which they once abandoned and seek there a correction of the award on the ground that the referee has made an erroneous decision.   The award must stand even though it is contrary to law.   *Portland Mfg. Co.* v. *Fox,* 18 Maine, 117; *Brown* v. *Clay,* 31 Maine, 518; *Mitchell* v. *Dockrary,* 63 Maine, 82; *Deering* v. *Saco,* 68 Maine, 322.

Whether or not the referee states in his report his findings of law and whether upon examination the Court might deem them unsound is entirely immaterial.   The finality of the award upon questions of both law and fact rests not upon whether the grounds of the decision are discoverable and if so reviewable, but upon the fact that the independent tribunal, from which no appeal lies to the Court, has determined the issues and that determination, in the absence of fraud, prejudice or mistake, must stand.   The word "mistake" used in this connection does not mean an error in judgment either upon the facts or the law, but some unintentional error, as for instance in a mathematical computation.   It is used in much the same connection as in R. S., Chap. 89, Sec. 1, Par. VII, authorizing the Court to grant reviews.   *Pickering* v. *Cassidy,* 93 Maine, 139.

It was formerly the frequent practice to refer cases under a Rule of Court, both parties reserving the right to except in matters of law. This practice however was prohibited by the Rule of Court adopted in 1908, Rule XLV, which reads:   "In references of cases by rule of Court no stipulation will be allowed for a review by the Court of the decision of the referee upon any question of law or fact submitted; but the referee may find the facts and report questions of law for decision by the Court."

In the case at bar, the reference was made without reservation in compliance with this Rule of Court, and the referee reported no question of law for decision by the Court.

The parties were therefore bound by the award and the report was properly accepted.

*Exceptions overruled.*