MARIE CHAPUT PRO AMI *vs.* ADELARD LUSSIER.

ANNA CHAPUT *vs.* ADELARD LUSSIER.

Androscoggin.      Opinion, April 13, 1932.

*Clifford & Clifford,*
*Frank T. Powers,*
*John Marshall,* for plaintiffs.
*Berman & Berman,* for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, Thaxter, JJ.

Pattangall, C. J.    On exceptions. Actions for damages alleged to have been suffered by reason of the negligence of the servant of defendant in driving a public taxicab owned by defendant and operated in his business.

The cases were heard together by Referees who found for defendant in both. Objection was seasonably made to the acceptance of the Referees' reports and written reasons for objection were filed in accordance with Rule 21, Revised Rules of Supreme Judicial and Superior Courts, 129 Me., 511. The reports were accepted and exceptions filed and allowed.

The facts are these. At the time plaintiffs sustained the injuries of which they complain, defendant was engaged in carrying on a public taxi business. Plaintiffs were passengers for hire. One Gagne was the regular driver of the particular cab in which they were riding and was engaged to carry plaintiffs, together with their father and one Lucien, from the home of plaintiffs to a town some miles distant therefrom. Although Gagne had received explicit orders from defendant not to permit anyone else to drive the car, he surrendered the wheel to Lucien, who appears to have been an experienced driver, and took his place on the rear seat with one of the plaintiffs and her father, the other plaintiff occupying the front seat with Lucien.

After having driven a considerable distance, a collision occurred between the taxi and an approaching automobile under circumstances which the Referees found supported plaintiffs' claim of negligence on the part of the driver of the taxi.

The Referees also found that plaintiffs received injuries because of the collision and that they were not guilty of contributory negligence but, finding that Lucien "was not the agent or servant of defendant," their decision was in defendant's favor. So far as Gagne was concerned, they found that at the time of the accident he was riding on the rear seat "but did not in any way attempt to control the actual operation of the car." They neither considered nor passed upon the vital question of whether or not he was guilty of

negligence. If he was, and that negligence was the proximate cause of the accident, there could be no doubt as to defendant's liability.

Exceptions lie to the acceptance of a report of Referees when any issue included in the submission is left undecided. *Wyman* v. *Hammond*, 55 Me., 534; *Jonah* v. *Clark*, 111 Me., 142; *Kennebec Housing Co.* v. *Barton*, 122 Me., 374; *Fuller* v. *Wright*, 10 Vt., 512; *Pinsker* v. *Pinsker*, 60 N. Y. Supp., 902; *Heckers* v. *Fowler*, 69 U. S., 123.

In the instant cases, rights of exceptions to the findings of the Referees on matters of law were specifically reserved in accordance with Rule 42, Rules of Court, *supra*. This rule is a revival of one long in force in this state but at one time repealed and recently re-adopted. The rights of parties under it and the procedure to enforce them are quite fully discussed in *Inhabitants of Bucksport* v. *Buck*, 89 Me., 320. We are not particularly concerned, however, with these matters in these cases. Irrespective of Rule 42, plaintiffs here have brought themselves within the broader rule recognized in *Wyman* v. *Hammond*, supra, and cases cited therewith.

Whether or not the failure of the Referees to pass on the negligence of Gagne was occasioned by a misunderstanding of the law applicable to the cases is unimportant. In any event they did not pass on it and plaintiffs relied upon it as the basis of their actions. If there was any evidence tending to support their position, they had a right to have the issue decided.

It can not be said that there is no such evidence. We have already noted that the Referees found that Gagne, at the time of the accident, was riding on the rear seat of the car and that he made no attempt to direct or control its operation. Whether or not this connotes negligence on his part depends upon the circumstances.

This Court has recently held in *Copp* v. *Paradis*, 130 Me., 464, that "while an employee can not create the relation of master and servant between his employer and an assistant who, without authority, he substitutes for himself in the employer's business, still, if the negligence of the employee in so engaging an assistant who was incompetent or in failing to supervise such an assistant, be he competent or incompetent, is a proximate cause of the damage complained of, the employer is liable although the assistant's neg-

ligence in the presence of the employee and in combination with his negligence contributed proximately to the accident."

Plaintiffs contend that there is sufficient evidence in this record to prove (1) negligence on the part of the person to whom Gagne entrusted the driving of the car, (2) that such negligence could not but have been apparent to Gagne, (3) that Gagne had opportunity by advice and direction to prevent the negligence from continuing to the point where it resulted in injury to plaintiffs, (4) that it was his duty to do so and that failing to perform that duty he was guilty of negligence, (5) that Lucien's negligence and Gagne's negligence combined was the proximate cause of the collision in which they were injured, and (6) that these premises established, a verdict in their favor must follow.

We are not concerned with the questions of fact further than to ascertain that there is sufficient evidence in their support to warrant their consideration, and on that point there can be no argument.

The Court erred in accepting the reports of the Referees. The cases must go back and be disposed of in accordance with the rule laid down in *Clark* v. *Clark*, 111 Me., 416. The Court below may, in its discretion, strike off the references, it may recommit them to the Referees who heard them before; or, with the consent of the parties, it may, after these references are stricken off, refer them anew to other Referees.

*Exceptions sustained.*