JOSEPH FRANCOEUR *vs.* WILMOT H. SMITH.

Kennebec.     Opinion, October 24, 1933.

*William H. Niehoff*, for plaintiff.
*Joly & Marden*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   This common-law action of tort, for property dam-age arising from a collision between an automobile owned and operated by the plaintiff, and a truck owned by the defendant and being driven by his employee, was referred under a rule of court, with right to exceptions in matters of law.

The referee, after viewing the scene of the accident, hearing and considering the testimony of witnesses, and the arguments of coun-sel, found for the plaintiff; the award of damages was ninety-five dollars. The referee reported accordingly to the court of his ap-pointment — the Superior Court in the County of Kennebec.

The defendant objected specifically in writing to the acceptance of the report. Objections were overruled; the report was confirmed and accepted as the basis for a judgment. Thereupon the defendant noted, and was allowed, an exception.

No mistakes of law are disclosed on an examination of the record.

Evidence before the referee tended to establish the plaintiff's contentions: (1) That the defendant (or what in law is the same thing, the employee for whose conduct he was responsible), was guilty of negligence in his operation of the truck; (2) that such negligence was the proximate cause of the collision; (3) that the plaintiff was not guilty of contributory negligence, that is, any such negligence as would make the injury the result of the united, mutual, concurring, and contemporaneous negligence of the parties.

There is evidence of counter tendency, but, with respect to the exception, the briefs of counsel discuss, and arguments at the bar are confined to, the question of contributory negligence only. As is always the case when there is any doubt as to the facts, or the inferences to be drawn from them, that question becomes one of fact. *Chaput* v. *Lussier*, 132 Me., 48, 165 Atl., 573.

In reference of cases by rule of court, decision of fact, honestly made by the referee, in the proceedings, is final, provided there is supporting evidence. Rules of Supreme Judicial and Superior Courts (rule XLII); *Hovey* v. *Bell*, 112 Me., 192, 91 Atl., 844; *Jordan* v. *Hilbert*, 131 Me., 56, 158 Atl., 853; *Hawkins* v. *Maine and New Hampshire Theaters Co.*, 132 Me., 1, 164 Atl., 628; *Staples* v. *Littlefield*, 132 Me., 91, 167 Atl., 171.

*Exception overruled.*