ISADORE KLIMAN *vs.* BEATRICE DUBUC.

York. Opinion, January 3, 1936.

*Armstrong & Spill*, for plaintiff.
*Louis B. Lausier*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J. Action of replevin of an automobile. On exceptions to acceptance of the report of a Referee.

The case involves a primary proposition which is not presented by either party, but must receive consideration by the Court.

The action, by agreement of parties and under rule of reference from the Superior Court, was submitted to a Referee. The rule of reference required that the report of the Referee should be made as soon as may be and judgment thereon and execution to issue accordingly. There is nothing in the rule of reference and no record of any docket entry which shows that reservation was made of the right to except upon questions of law.

Court Rule 42, printed in 129 Maine at p. 519, reads as follows: "In references of cases by rule of court, the decision of the Referee upon all questions of law and fact shall be final unless the right to except as to questions of law is specifically reserved and so entered on the docket, but the Referee may find the facts and report questions of law for decision by the Court." The language of Rule 42 is clear and certain.

It is true that Court Rule 21 provides: "Objections to any report offered to the Court for acceptance, shall be made in writing and filed with the clerk and shall set forth specifically the grounds of the objections, and these only shall be considered by the Court."

The foregoing rule was in effect during all the years when under former Rule XLV no stipulation was allowed for review by the Court of the decision of the Referee on any question of law or fact submitted. It is not inconsistent with that rule or with the present Rule 42.

The Court in *Kennebec Housing Company* v. *Barton*, 122 Me., 374, 120 A., 56, points out the function of Rule 21 and also when objections to the acceptance of the report of the Referee may sur-

vive such acceptance and be brought to this Court on exceptions.

The case at bar does not come within the scope of any of the cases noted in the foregoing opinion which were held to be reviewable.

At the hearing before the Referee the plaintiff offered in evidence, and against objection the Referee admitted as a muniment of plaintiff's title to the replevied automobile, a certain chattel mortgage, interpreted by the Referee as descriptive of the automobile, ownership of which defendant had pleaded in herself. It is to the admission of this mortgage that the defendant objects.

The record shows that by agreement and stipulation of counsel the only matter at issue was whether the Referee erred in admitting this evidence. No other ground of objection is made. The Referee ruled as a matter of law that the evidence was admissible. He decided the whole case, facts and law alike, for the plaintiff, and reported such decision to the Court from which the appointment had come. He did not invoke the review of the Court nor report any questions of law for decision by the Court.

In such a situation the succinct statement of the Court in *Jordan* v. *Hilbert*, 131 Me., 56, 158 A., 853, 854, is applicable: "In references of cases by rule of court under Rule 42 of the Supreme and Superior Courts, the decision of the Referee upon all questions of fact is final. A like finality attaches to his decision on questions of law unless the right to except thereto is specifically reserved and so entered on the docket."

The briefs of counsel discuss radically different views of the law as interpreted and applied by the Referee, but overlook that the Court appointing a Referee, can not, on its own motion, invest itself with a reviewing jurisdiction, of the kind here insisted, nor can parties themselves, by mutual consent, confer jurisdiction. Judicial power must find its source in the law.

One obvious purpose of the rule is to expedite decisions in referred cases, and as stated in *Perry* v. *Ames*, 112 Me., 202, 91 A., 931: "The reason for the rule is that the parties, having submitted their cause without reservation to a tribunal of their own choosing, are bound by a decision of that tribunal and should not be permitted to afterwards return to the tribunal which they once aban-

doned and seek there a correction of the award on the ground that the Referee has made an erroneous decision."

The parties were therefore bound by the determination of the Referee and his report was properly accepted.

*Exceptions overruled.*