JOHN A. MCKENZIE *vs.* FRED L. EDWARDS.

Oxford.    Opinion, July 23, 1943.

*E. Walker Abbott,* for the plaintiff.

*Peter M. MacDonald,*

*Alphonso A. Aliberto,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, JJ.

MURCHIE, J. This case is brought to the Law Court by a bill of exceptions filed by the defendant after a referees' report awarding $900.03 to the plaintiff in an action of assumpsit, wherein the account originally annexed to the writ showed a balance of $3,135.76 claimed, was accepted over objections in writing duly filed. The writ was amended before the Rule of Reference was issued, and specifications were filed by the plaintiff, stating credits to be allowed against the charges set forth in the amended account, which show a claimed balance of $8,549.26. The aggregate of charges was $1.00 greater in the specifications than in the amended account.

Two issues stated in the filed objections are raised by the bill of exceptions, first, that the referees erred in law in admitting testimony concerning a quantity of wood which the plaintiff claims he sold and delivered to the defendant but which was not listed in his specifications, and second, that the referees made an arithmetical error in the addition of credits which were admitted in evidence.

The first exception involves testimony of the plaintiff relative to 600 cords of wood claimed to have been sold and delivered to the defendant but not included in his specifications, although it had been agreed at the trial that he would rely wholly on the items specified therein.

Counsel for the plaintiff urges that this exception is not properly before the Court because no ground for the objection to the admission of the evidence was stated when it was offered, or is stated in the bill of exceptions, and that admission of the testimony could not be held prejudicial to the defendant

because evidence of the same tenor was given without objection both before and after that admitted over objection. It seems unnecessary to consider technical questions on the point because while plaintiff did refer in his testimony to 600 cords of wood, a quantity not separately named in his specifications, he did so in explaining that his specified charge for 1,553.5 cords of wood covered a quantity which was scaled, when he purchased it, at approximately 1,420 cords. His evidence was that he bought the wood on a merchantable content scale and sold it to the defendant on a running foot scale; that an overrun necessarily resulted in favor of the running foot scale; and that the amount of the overrun was represented by the difference between the 1,420 cords (approximately) of his purchase scale and the 1,553.5 charged. This is less than 10%. It is true that he referred to this spread in his testimony as 600 cords and that, in cross-examination, he estimated the percentage of overrun at 40%. This inconsistency might well be considered as affecting the credibility of his testimony (a question for the referees), but it is manifest that the evidence admitted over objection did not relate to a particular 600 cords of wood, or any other quantity, not listed in his specifications. It related to the item of 1,553.5 cords definitely listed therein. There is no merit in the exception.

The second exception relates to alleged arithmetical error on the part of the referees—a mathematical mistake which would lay foundation for correction of error notwithstanding the rule of finality for the factual findings of referees (supported by evidence of probative force), which is too well recognized to require the citation of authorities but we cite *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171, on the point as we shall refer hereafter to language used in the opinion. Defendant does not contest the principle but urges the availability of a qualification thereon, stated in *Hagar* v. *New England Mutual Marine Insurance Co.*, 63 Me., 502 at 504, as follows:

"an award may be set aside for a mistake in fact apparent upon the face of the award, as where there has been a manifest error in computation, showing that the result stated is not that intended and does not therefore express the real judgment of the referees."

When we refer to the record, the amended account, the specifications and the objections filed to the acceptance of the referees' report, we find that counsel for the defendant has made some errors of his own in computations. The filed objections declare that the plaintiff claims a total price, covering all his charges against the defendant, of $22,658.80. The items set forth in the amended account aggregate $22,714.80. The specifications give the figure $1.00 larger as already noted, but the difference is explained by noting that the price of 129 acres of land figured at $4.00 per acre is erroneously stated as $518.00. In the written objections it is stated that the defendant offered evidence of checks and credits admitted totalling $22,756.43. Tally of the items presented in evidence, some of which were denied rather than admitted, shows a total of $22,765.45. In building up the total a charge for (river) driving, set forth in detail in one of the defendant's exhibits at $327.33, is stated at $365.26 in the verbal testimony. The defendant explained this difference by saying that he added an item of $37.46 in cash handed to the plaintiff, but this leaves an error of $.47, not on the part of the referees but on that of the defendant, or his counsel.

The total of $22,765.45 includes, in addition to the $37.46 in cash and the $.47 error, claimed credits of $500 and $100 respectively which the plaintiff insisted, as the evidence was given, represented duplications of items appearing in a list of checks admitted by the plaintiff to have been received. The specifications of the plaintiff acknowledged receipt of 39 checks representing a total of $12,136.60. The list just referred to enumerates 50 amounts aggregating $12,209.50. Exhibits in-

troduced by the defendant show 53 checks and the detailed statement of driving charges, which build up to a total of $13,673.61. We make no effort to reconcile these apparently conflicting figures. This was the function of the referees. On the record it would have been proper for them to find that one item represented a duplication (perhaps more than one), but the amount of the award seems to indicate that they did not. The credits claimed by the defendant include items of $150.00 and $50.00 respectively for payments claimed to have been made on December 13, 1929, and November 9, 1931 (the year guessed at but the month and day definitely stated), which are additional to the checks listed in the testimony and to the cancelled ones shown in the exhibits, and were disputed by the plaintiff. Testimony relative to the first was attempted to be supported by reference to a stub in the defendant's check-book, but the second depended on recollection alone. It was for the referees to accept, or to reject, this testimony, as well as that relating to one of the cancelled checks which was drawn June 22, 1929, to the order of one J. W. McKenzie, a son of the plaintiff, in the amount of $700.00. The evidence of the defendant was that he made this payment on the plaintiff's order, but no order was produced.

It is apparent that an award in the approximate amount of that made by the referees would be supported in the evidence if defendant's testimony relative to the items of $150.00, $50.00 and $700.00 was rejected. The balance due the plaintiff, if his charges were all found to be proper ones, and these particular credits rejected, would be $858.37. The referees, however, might well have rejected also the cash item of $37.46, and discovered the error of $.47. This would increase the excess of charges over credits to $896.30, with no allowance for interest to the date of the writ. A very small amount of interest would increase the figure beyond the awarded $900.03.

It is not easy to point out evidence in the record which will lead to the exact amount of the award without duplicating the

careful audit which the referees must be assumed to have made. But the rule of finality for factual findings of referees, as expressed in *Staples* v. *Littlefield*, supra, that this Court is not:

> "obliged to study the voluminous report of the evidence . . . for the purpose of ascertaining on which side the evidence preponderates or what testimony we regard as most entitled to credence"

indicates that we should not be expected to perform an auditing function to demonstrate with exactitude that the sum allowed, which is less than that which might have been allowed, is the exact and proper measure of damages in the case.

*Exceptions overruled.*