MARGARET J. COURTENAY

*vs.*

WILFRID GAGNE ET AL.

York.　Opinion, August 25, 1945.

*Waterhouse, Spencer & Carroll,* for the plaintiff.

*Robinson, Richardson & Leddy,*

*Willard & Willard,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, CHAP-MAN, JJ.

MANSER, J. Exceptions to acceptance of report of referees. The plaintiff, a young woman, was awarded $5,312.45 as damages for personal injury as result of an automobile accident. The plaintiff was a passenger in a public bus. When a stop was made to take on another passenger, the bus was struck from the rear with great force by an oil truck operated by a servant of the defendants. Action brought in the Superior Court was referred by agreement of the parties and with the approval of court. The right of exceptions as to questions of law was reserved in accordance with the rule of Court XLII. While the question of whether the driver of the oil truck was at the time the servant of the defendants and engaged in the business of his employers was originally raised, it was waived. Liability is not now in issue, and the only objection is that the award was grossly excessive. The rule of Court mentioned above reads:

> "In references of cases by rule of court, the decision of the referee upon all questions of law and fact shall be final unless the right to except as to questions of law is specifically reserved and so entered on the docket, but the referee may find the facts and report questions of law for decision by the court."

The exception presented must necessarily rest upon the claim that the amount of the award constituted an error of law.

The limitations upon the power of this Court to review the record in any case decided by referees, have been clearly defined. There was a period in the judicial history of this State

when referees were made the sole judges of both law and fact, in the absence of fraud, prejudice or mistake. When the right of exceptions is reserved, the rule is still the same with regard to facts.

The rule and the reasons therefor are well stated in *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171, as follows:

> "Questions of fact once settled by Referees, if their findings are supported by any evidence, are finally decided. They and they alone are the sole judges of the credibility of witnesses and the value of their testimony. The parties to this controversy submitted their cause to a tribunal of their own choosing. To it they entrusted, without limitation, the power to decide questions of fact. Having chosen to go to that tribunal, they cannot now be heard upon the merits by this Court so long as there was produced before the Referees any evidence upon which could be based a decision."

In this respect there is a clear distinction between the verdict of a jury and the award of a referee. Upon a motion to set aside a verdict, the Court is called upon to pass on the question of whether such verdict was against the evidence and manifestly against the weight of the evidence. Upon this award, as the question is one of law, it is whether there is any evidence, or as stated in some decisions, any evidence of probative value to support the finding.

> "In reference of cases by rule of court, decision of fact, honestly made by the referee, in the proceedings, is final, provided there is supporting evidence. *Francoeur* v. *Smith*, 132 Me., 185, 168 A., 781.

The only inference to be drawn from arguments of counsel in support of their exceptions is that the same rule should ob-

tain as in jury cases. In the instances cited upon the amount of damages awarded, all but one of them were jury verdicts and the other a case submitted to the Law Court on report with jury powers. In the jury cases, a remittitur was ordered in each instance. So in the cited case of *Penley* v. *Teague & Harlow Co.*, 126 Me., 583, 140 A., 374, it is apparent that the Court properly passed upon the weight of evidence when it used the expression:

"We do feel that the damages awarded were excessive and plainly so. In such a case the sympathy of the jury might be easily aroused and even to such an extent as to warp their judgment."

Again, in the case of *Chaisson* v. *Williams*, 130 Me., 341, 156 A., 154, the Court said:

"Excessiveness of damages, not attributable to appeals to passion and prejudice, is not regarded as an unconditional ground for setting aside the verdict, because it may be cured by remittitur."

In cases heard by referees, no remittitur can be ordered.

If the exceptions were sustained, the authority of this Court only goes to remanding the case to the Superior Court, where, in the discretion of the presiding Justice, the reference may be stricken off and the case heard by a jury, or there might be a recommittal to the same referees, or with the consent of the parties, a reference to new referees. *Chaput* v. *Lussier*, 131 Me., 145, 159 A., 851.

Evidence of the injury and its effect, past, present and prospective, was introduced before the referees from the plaintiff and a number of witnesses, including the attending physician. The defense relied entirely upon cross-examination, introducing no witness either lay or professional.

Nowhere, in exceptions or arguments, is it asserted by the defendants that fraud or prejudice on the part of the referees influenced decision.

At best, the amount awarded can be regarded only as an error of judgment. The parties agreed to submit the case to referees, and implicit in such submission is an agreement to be bound by their judgment. Even if the Court was of opinion that such error had been made, it cannot substitute its own judgment.

It is not asserted that the error in law was caused by mistake on the part of the referees. The principal element of damage, as shown by the record, is the pain and suffering of the plaintiff, both that already endured and that which is likely or probable in the future. Minor elements are the expenses already incurred and those to be anticipated. Aside from the money spent, the remaining factors are to be weighed, considered and determined by the selected tribunal. The word "mistake" used in this connection does not mean an error in judgment upon the facts, but some *unintentional* error, as for instance in a mathematical computation. *Perry* v. *Ames*, 112 Me., 202, 91 A., 931; *Pickering* v. *Cassidy*, 93 Me., 139, 44 A., 683. If there be such error, the record does not disclose what it is.

*Exceptions overruled.*