**MOUNT DESERT YACHT YARD, INC.**

v.

**Asa E. PHILLIPS, Jr.**

Supreme Judicial Court of Maine.

Nov. 21, 1975.

---

Fenton, Griffin, Chapman & Burrill by William Fenton, Nathaniel R. Fenton, Bar Harbor, for plaintiff.

Perkins, Thompson, Hinckley, Thaxter & Keddy by Franklin G. Hinckley, James R. Flaker, D. Brock Hornby, Portland, for defendant.

Before DuFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This appeal from the denial of a motion for a new trial raises a procedural issue casting doubt on the jurisdiction of the Law Court to entertain and decide the appeal.

Mount Desert Yacht Yard, Inc., commenced a civil action in the District Court by writ of attachment against the defend-

ant for the purpose of recovering an account due for labor and materials expended in repairing the defendant's boat, Arabella. Defendant removed the case from the District Court to the Superior Court and counterclaimed, seeking damages for allegedly negligent execution of a storage contract, negligently performing repair work, failing to complete specified repairs and for damages both actual and punitive, since Arabella was attached in violation of the holding of the United States Supreme Court in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). By agreement of the parties the matter was then referred pursuant to Rule 53(b)(1), M.R.C.P.[1]

In our treatment of the issue certain dates reflected by docket entries become critical:

May 29, 1974—Report of the Referee filed.
June 7, 1974—Objection to acceptance of report filed by defendant.
July 8, 1974—Motion to accept report filed by plaintiff.
July 15, 1974—Report accepted.
July 19, 1974—Judgment ordered for plaintiff.
July 26, 1974—Motion for a new trial filed by defendant.
Sept. 4, 1974—Motion (for a new trial) denied.
Sept. 24, 1974—Notice of appeal by defendant filed.

Rule 73(a), M.R.C.P., as relevant to this appeal, provides:

"Whenever a judgment of the Superior Court or of a single justice of the Supreme Judicial Court is by law reviewable by the Law Court, such review shall be by appeal in accordance with these rules. Review by exceptions, motion, or otherwise than by appeal is abolished. The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law . . . .. The running of the time for appeal is terminated by a *timely motion* made pursuant to any of the rules

---

1. Although the record before us does not include the order of reference, we *assume* (since both parties have briefed and argued the case without any contra allegation) that the right to object to the Referee's report was preserved pursuant to Rule 53(e)(2), M.R. C.P.

**18**

hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a *timely motion* under such rules . . . or denying a motion for a new trial under Rule 59. . . .

. . . . . . .

. . . but the appeal will be dismissed for appellant's failure to take any such further step within the time prescribed therefor unless the Law Court shall determine that exceptional circumstances excuse the failure and justice demands that the appeal be heard. . . ." (Emphasis supplied.) [2]

Since this appeal was not taken within 30 days of July 19, 1974 (the date of the entry of the judgment), the jurisdiction of the Law Court over the appeal is brought into immediate focus.

Before the promulgation of the Maine Rules of Civil Procedure became effective on December 1, 1959, the Law Court had recognized that since the right of appellate review was wholly statutory, the method utilized for obtaining this review was likewise controlled. Compliance with these statutory mandates was jurisdictional, the Law Court lacking jurisdiction to consider a case brought before it not in conformity with the specified course of procedure. The reasons underlying this doctrine were clearly elucidated by Mr. Justice Merrill (later Chief Justice) in *Sears, Roebuck & Co. v. City of Portland,* 144 Me. 250, 68 A.2d 12 (1949), where it was pointed out that a case before the Law Court *on appeal* which should have been before the Court on a *bill of exceptions* conferred no jurisdiction to decide the appeal, which became a nullity. Because the scope of review by the Law Court was different depending upon the methodology of the appeal, this distinction was not "merely one of nomenclature and procedure." *Id.,* 144 Me. at 257, 68 A.2d at 15.

The Civil Rules of Procedure adopted a single form of appellate review which provided that the method of obtaining review by the Law Court was by *appeal,* Rule 73(a), M.R.C.P., providing:

"The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from . . . ."

The running of the 30 days in which an appeal may be taken, however, may be computed from the entry of denial of a motion for a new trial.

The defendant's appeal was not entered within 30 days of July 19, 1974, the day on which judgment was docketed, but it was filed within 30 days of the date on which the denial of the motion for a new trial was entered. The issue is crystallized into whether a *motion for a new trial* is procedurally proper in order to test a ruling ordering judgment based upon an acceptance of a referee's report, thus extending the time for filing a notice of appeal.

Prior to December 1, 1959, the appropriate procedure for seeking appellate review of such a judgment was by "bill of exceptions." This was true because there was a clear distinction made between reviewing the verdict of a jury and a report of a referee. Verdicts of a jury were reviewable on motion because the Law Court retained jurisdiction to set them aside if rendered against either the evidence or the weight of the evidence. Conversely, the test applied in reviewing the report of a referee was to determine if there was any evidence of probative value to support the factual conclusions therein. *Courtenay v. Gagne,* 141 Me. 302, 43 A.2d 817 (1945). For the proposition that a bill of exceptions was the accepted procedure for appellate review of referees' reports where the right to object had been reserved, see *Depositors Trust Co. v. Bruneau,* 144 Me. 142, 66 A.2d 86 (1949);

2. See n. 4, *infra.*

*Courtenay v. Gagne, supra; McKenzie v. Edwards,* 140 Me. 33, 33 A.2d 412 (1943); *Kliman v. Dubuc,* 134 Me. 112, 182 A. 160 (1936); *Chaput v. Lussier,* 131 Me. 145, 159 A. 851 (1932); *Bucksport v. Buck,* 89 Me. 320, 36 A. 456 (1896).

In *Sears, Roebuck & Co. v. City of Portland,* 144 Me. at 256, 68 A.2d at 15, it was held:

"These requirements are jurisdictional, and the Law Court has no jurisdiction to consider a case upon 'appeal' or 'motion' which should be presented to it by 'bill of exceptions'."

Since the adoption of the Maine Rules of Civil Procedure there have been many cases seeking appellate review of judgments founded upon the acceptance of a referee's report. Without exception the procedure has been to appeal from such a judgment within the required time period. *Frank v. Assessors of Skowhegan,* 329 A. 2d 167 (Me.1974); *Gillespie v. Worcester,* 322 A.2d 93 (Me.1974); *Cunningham v. Cunningham,* 314 A.2d 834 (Me.1974); *Bank of Maine v. Giguere,* 309 A.2d 114 (Me.1973); *see Ingham v. Tzikas,* 320 A. 2d 665 (Me.1974).

There have been no instances where appellate review of such judgments has been had based upon the denial of a motion for a new trial. It is thus appropriate to inquire whether adopting this latter procedure would effectively confer jurisdiction upon the Law Court to entertain and decide the appeal.

It is no longer open to doubt that:

"Timely filing of notice of appeal in compliance with M.R.C.P. 73(a) is mandatory and jurisdictional, and if notice of appeal is not filed within the time provided, the right to appeal is lost and the appeal must be dismissed."

*Kittery Electric Light Co. v. Assessors of Town,* 219 A.2d 744, 747 (Me.1966); *State v. Ellis,* 272 A.2d 357 (Me.1971); *Adams v. Alley,* 308 A.2d 568, 570 n. 2 (Me.1973).

It is likewise settled that the

"Rules of the Supreme Judicial Court, properly established and not repugnant to law, respecting the procedures governing appellate review, have the force of law and are binding upon the court, as well as upon the parties to an action."

*Collett v. Bither,* 262 A.2d 353, 356 (Me. 1970). Since, as we have already stated, the appellant here saw fit to file a motion for a new trial as opposed to appealing from the judgment (having prior thereto seasonably noted his objection to the acceptance of the referee's report), we must determine whether this procedural deviation deprives this Court of jurisdiction. Therefore, we must give consideration to the purpose of the so-called motion for a new trial.

The limitations under which motions for a new trial may be granted are contained in Rule 59(a), M.R.C.P., which provides:

"The justice before whom an action has been tried may on motion grant a new trial to all or any of the parties and on all or part of the issues *for any of the reasons for which new trials have heretofore been granted in actions at law or in suits in equity in the courts of this state.* A new trial shall not be granted solely on the ground that the damages are excessive until the prevailing party has first been given an opportunity to remit such portion thereof as the court judges to be excessive. A new trial shall not be granted solely on the ground that the damages are inadequate until the defendant has first been given an opportunity to accept an addition to the verdict of such amount as the court judges to be reasonable. On a motion for a new trial in an action tried without a jury, the justice before whom the action has been tried may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the

entry of a new judgment. As amended eff. Nov. 1, 1969." (Emphasis supplied.)

Prior to the adoption of this rule motions for new trial were recognized under Rule 17 of the Revised Rules of the Supreme Judicial and Superior Courts. See 147 Me. 470, 471 (1952) for the complete text of Rule 17. The 1952 Rule did not materially alter the preexisting rule dealing with motions for new trial as provided in Rule 17 as found in 129 Me. 509, 510 (1930).

Both the 1930 and 1952 rules related to the setting aside of a *verdict* provided the same was "against the law and the evidence." Although the 1930 Rule authorized the filing of such a motion "for any other cause," the 1952 revision required such a motion to be based on "any other cause not shown by the evidence presented at the trial" and, additionally, mandated that such a motion be addressed to the Law Court. Following this motion a rather complex procedure was involved whereby the issues raised after a new hearing would ultimately be before the Law Court for decision.

It thus emerges that "the reasons for which new trials have heretofore been granted in actions at law" *in the Superior Court* on motions for new trial were to have a verdict set aside as against either the law or the evidence.

During the years when civil practice was controlled by either the 1930 or the 1952 rules, "Objections to Reports" were procedurally governed by Rule 21, which provided:

"Objections to any report offered to the Court for acceptance, shall be made in writing and filed with the clerk and shall set forth specifically the grounds of the objection, and these only shall be considered by the court."

Revised Rules, 147 Me. 464, 473 (1952); Rules of Court, 129 Me. 503, 511 (1930). As we have previously noted, the accepted practice in obtaining a review of rulings on motions to accept referees' reports was by bill of exceptions and not by a motion for a new trial.

■ Having in mind this procedural history, it is evident that motions for new trials filed pursuant to Rule 59(a) are not applicable and cannot be a substitute for an appeal from an order accepting the report of a referee. We do not believe that this holding should be categorized as "merely one of nomenclature." Both Rule 59(a) and its antecedents require the motion to be brought before the justice before whom an action has been tried. Such justice, having heard the evidence and seen the witnesses, could intelligently rule on whether the verdict was against the evidence or the weight of the evidence. Furthermore, Rule 59(a) grants to a justice in a jury waived case extreme latitude in taking necessary remedial action. See Rule 59(a), M.R.C.P.

■ A referee's report falls into a different category. When such a report is offered for acceptance, a justice presiding has not heard the testimony nor been given any opportunity to appraise the credibility of the witnesses. He is merely confronted with a documented record and it is his obligation to accept the report if the legal conclusion is accurate, based upon facts which have probative value. *Courtenay v. Gagne, supra.*

■ We thus reach the conclusion that we lack jurisdiction to entertain this appeal postured as it is. Judgment was entered on July 19, 1974. There was no appeal as such therefrom and even if we consider the notice of appeal filed on September 24, 1974, as raising substantially the same issues, it was not seasonably filed. *Kittery Electric Light Co. v. Assessors of Town, supra.*

Additionally, another practical consideration, as illustrated by the facts of this case, supports the conclusion here reached. Recalling that the report of the referee was filed May 29, 1974, the defendant on June

7, 1974, seasonably filed his "Objection to Acceptance of Report of Referee," specifically asserting therein that the referee's findings of fact were "clearly erroneous and against the weight of the evidence" and, further, that the legal conclusions of the referee were "incorrect and contrary to law."[3] Rather than filing a notice of appeal from the denial of the motion, the defendant elected, on July 26, 1974, to file a "Motion for a New Trial." In this latter motion the defendant merely reiterated the same reasons that he had advanced in the prior motion objecting to the report. The motion for a new trial was denied on September 4, 1974. It is thus apparent that although Rule 53(e)(2) preserves the right to object to the allowance of the report (if such right is properly saved in the agreement to report), the procedure here adopted would allow the defendant an opportunity to litigate the identical issues twice before the same court. Neither Rule 53 nor Rule 73 contemplates such a duplicitous proceeding in order to perfect an appeal to the Law Court and brings into focus the fallacy of the defendant's interpretation of the appellate procedure requisite in order to review the legal sufficiency of the report of a referee.[4]

Litigants are under no compunction to adopt the forum of a reference to adjudicate their respective rights. However, having agreed to an adjudication before a referee, there is no valid reason to treat their appellate rights in the same manner that is applicable to judgments rendered as the result of either a jury or a jury-waived trial. We adopt the language of Mr. Justice Thaxter which is applicable, namely:

> "The parties have selected their own tribunal to try this case, and under such circumstances are held to a strict compliance with the provisions of the statutes and of the rules of court governing the procedure authorized in such instances."

*Throumoulos v. Bank of Biddeford,* 132 Me. 232, 233, 169 A. 307 (1933).

The entry is:

Appeal dismissed.[5]

All Justices concurring.

WEATHERBEE, J., did not sit.

3. Whether the quoted reasons in objection to the report are sufficiently specific to satisfy the requirements of Rule 53(e)(2), M.R. C.P., need not here be entertained since we lack jurisdiction over the appeal. *But see Cunningham v. Cunningham,* 314 A.2d 834, 840 n. 4 (Me.1974); *Dubie v. Branz,* 146 Me. 455, 73 A.2d 217 (1950); *Throumoulos v. Bank of Biddeford,* 132 Me. 232, 169 A. 307 (1933).

4. We acknowledge that Rule 73(a) would have been more readily understood by the Bar if it read: "The running of the time for appeal is terminated by a timely [*and appropriate*] motion . . . ." This language would eliminate any doubt that such a motion not only must be timely filed but also be appropriate to raise the legal issue sought to be reviewed and that the running

of the time for appeal would be stayed only if the motion met both standards, namely, timeliness and appropriateness.

5. Since this is the first time that the propriety of an appeal brought before us in the manner here adopted has been discussed, and since our dismissal of this appeal effectively reactivates the judgment, we feel it appropriate to note that we have examined the report of the referee carefully and have given due consideration to the arguments and briefs of both parties. We find no error in the acceptance of the referee's report. As was the situation in *Sears, Roebuck & Co. v. City of Portland, supra:* "The result would be the same had [appellant] brought the case to this Court on [a proper appeal]." 144 Me. at 262, 68 A.2d at 18.