MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 157
Docket:       Wal-15-153
Submitted
  On Briefs:  September 28, 2015
Decided:      December 3, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

CHRISTOPHER SEEKINS

v.

JENNIFER HAMM

SAUFLEY, C.J.

[¶1]  Christopher Seekins and Jennifer Hamm met in Guatemala, and their daughter was born there in August 2013.[1]  Although neither Hamm nor the child has ever been to Maine, Seekins filed a parental rights and responsibilities complaint in the Maine District Court.  Seekins now appeals from a judgment entered in the District Court (Belfast, *Sparaco, J.*) that granted Jennifer Hamm's motion to dismiss the complaint based on a determination that Maine lacks jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 19-A M.R.S. §§ 1731-1783 (2014).  We affirm the judgment of dismissal, concluding that the court applied the applicable law properly.

---

[1]  No dispute or adjudication regarding paternity appears in the record.

## I. BACKGROUND

[¶2]  On November 18, 2014, when the child was approximately fifteen months old, Seekins filed a complaint in Maine to establish parental rights and responsibilities.  Hamm retained counsel and moved to dismiss the complaint for lack of jurisdiction.  She argued that Maine lacked long-arm jurisdiction over her pursuant to 14 M.R.S. § 704-A (2014).

[¶3]  Seekins filed a memorandum in opposition to the motion to dismiss, in which he raised the Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the federal statute providing remedies for international child abductions that violate the Hague Convention, *see* 42 U.S.C.S. § 11603 (now codified at 22 U.S.C.S. § 9003 (LEXIS through Pub. L. No. 114-73)).  He also cited to the Uniform Interstate Family Support Act (UIFSA), 19-A M.R.S. §§ 2804, 2961 (2014), and separately argued that a jeopardy order should be entered pursuant to 22 M.R.S. § 4035 (2014).  Hamm filed a response addressing these other sources of law.  In Seekins's reply, he additionally raised the federal international parental kidnapping statute, *see* 18 U.S.C.S. § 1204 (LEXIS through Pub. L. No. 114-73).

[¶4]  The court held a hearing on Hamm's motion to dismiss in March 2015.  Seekins was the only witness.  Shortly thereafter, the court entered a written judgment in which it found that Seekins now resides in Maine, that neither Hamm

nor the child has ever been to Maine, and that the child has resided in Guatemala with Hamm since her birth. The court dismissed Seekins's complaint because, pursuant to the UCCJEA, the initial child custody determination must be made in the "home state"—which for this child is Guatemala, not Maine—absent a showing that the home state has declined jurisdiction. *See* 19-A M.R.S. § 1745(1). Seekins timely appealed from the judgment. *See* 14 M.R.S. § 1901 (2014); 19-A M.R.S. § 104 (2014); M.R. App. P. 2.

## II. DISCUSSION

[¶5] The District Court's factual findings are not in dispute, and we review the court's determination of subject matter jurisdiction pursuant to the UCCJEA de novo. *See Gutierrez v. Gutierrez*, 2007 ME 59, ¶¶ 12-13, 921 A.2d 153.

A.     Application of the UCCJEA

[¶6] With certain exceptions not applicable here, "a court of this State has jurisdiction to make an initial child custody determination only if" one of four criteria is met. *See* 19-A M.R.S. § 1745(1).[2] Jurisdiction will lie in Maine if

---

[2] A "child custody determination" is defined as

> a judgment, decree or other order of a court providing for the legal custody, physical custody or visitation with respect to a child. The term includes a permanent, temporary, initial and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.

19-A M.R.S. § 1732(3) (2014). "'Initial determination' means the first child custody determination concerning a particular child." 19-A M.R.S. § 1732(8) (2014).

4

(A) Maine "is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this State but a parent or person acting as a parent continues to live in this State"; (B) no other state has "home state" jurisdiction; (C) any "home state" declined jurisdiction on the basis that Maine is the more appropriate forum; or (D) "[n]o court of any other state would have jurisdiction" pursuant to the preceding criteria. *Id.* § 1745(1)(A)-(D). Section 1745(1) "is the exclusive jurisdictional basis for making a child custody determination by a court of this State." *Id.* § 1745(2). Thus, although the child's physical presence is not necessarily required for the court to make a child custody determination, *id.* § 1745(1), (3), at least one of the criteria of section 1745(1) must be met for the court to have jurisdiction.

[¶7] The "home state" of a child over the age of six months is "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding." 19-A M.R.S. § 1732(7). "A period of temporary absence of any of the mentioned persons is part of the period." *Id.*

[¶8] When determining jurisdiction, "[a] court of this State shall treat a foreign country as if it were a state of the United States," unless the child custody laws of that foreign country violate "fundamental principles of human rights,"

19-A M.R.S. § 1735(1), (3), as provided in article 20 of the Hague Convention,[3] *see* UCCJEA § 105 uniform cmt., *included with* 19-A M.R.S.A. § 1735 (2012). There is no indication in the record that the child custody laws of Guatemala violate fundamental principles of human rights; indeed, the Hague Convention has been in force between Guatemala and the United States since January 1, 2008. U.S. Dep't of State, Treaties in Force 410-11 (Jan. 1, 2013); U.S. Dep't of State, Bureau of Consular Affairs, International Parental Child Abduction, U.S. Hague Convention Treaty Partners, http://travel.state.gov/content/childabduction/en/country/hague-party-countries.html.

[¶9] Although Seekins disputes the *reasons* that neither Hamm nor the child has visited Maine,[4] the child's actual place of residence is not in dispute and is dispositive of jurisdiction. The child was more than six months old when the complaint was filed, and she had lived in Guatemala with her mother for the six consecutive months immediately preceding Seekins's commencement of his parental rights and responsibilities action. *See* 19-A M.R.S. § 1732(7). Guatemala—not Maine—is the child's home state based on the child's actual place

---

[3] Article 20 of the Hague Convention provides, "The return of the child . . . may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms." Convention on the Civil Aspects of International Child Abduction art. 20, *opened for signature* Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10494 (Mar. 26, 1986) (emphasis added).

[4] Seekins testified that, at some point, Hamm had agreed to move to Maine with the child and reside with him. Seekins appears to base his claim for jurisdiction in Maine in part on that agreement.

of residence. *See id.* There is no evidence that Guatemala has declined jurisdiction; thus, the initial proceeding with respect to the child must be pursued there. Because of the lack of subject matter jurisdiction, the court appropriately dismissed the complaint.

B.    Inapplicability of Other Legal Authorities

[¶10]   During the course of the case, Seekins cited to several additional sources of law in support of his contention that the District Court had jurisdiction to determine parental rights and responsibilities for the child. The federal authorities that Seekins cited do not confer jurisdiction on the Maine District Court and are inapplicable. The Hague Convention is inapplicable because the removal or the retention of a child is wrongful only if "it is in breach of rights of custody attributed to a person . . . under the law of the State *in which the child was habitually resident immediately before the removal or retention,*" Hague Convention art. 3(a), *opened for signature* Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10494 (Mar. 26, 1986) (emphasis added), and 18 U.S.C.S. § 1204, an international parental kidnapping statute, simply does not apply on these facts.

[¶11]   The Maine sources cited by Seekins also fail to establish a basis for jurisdiction. The Uniform Interstate Family Support Act does not govern child custody and contact and does not provide a basis for jurisdiction because the child

was not conceived in Maine, the mother was not served in Maine and did not consent to jurisdiction in Maine, and neither the mother nor the child ever resided in Maine. *See* 19-A M.R.S. § 2961(1). Title 22 is inapplicable because no petition for a child protection order has been, or appropriately could be, filed in this title 19-A action. *See* 22 M.R.S. § 4032 (2014). Finally, whether or not Seekins and Hamm originally agreed to bring the child to reside in Maine, that did not occur, and the parties to a court case may not, even by mutual consent or agreement, confer jurisdiction on the court. *See Kliman v. Dubuc*, 134 Me. 112, 114, 182 A. 160 (1936).

## III. CONCLUSION

[¶12]  The District Court considered all of the parties' arguments and the sources of law cited by each party in determining that the UCCJEA governed its determination of jurisdiction in this matter. The UCCJEA applies, and the court properly applied the law. We affirm the resulting judgment dismissing Seekins's complaint.[5]

The entry is:

> Judgment affirmed.

---

[5] Although Hamm filed a motion for sanctions against Seekins, *see* M.R. App. P. 13(f), we decline to impose sanctions in this matter. Seekins is warned, however, that requiring Hamm to incur further expense in defending against fruitless litigation in Maine may result in serious monetary sanctions.

8

**On the briefs:**

Christopher Seekins, appellant pro se

Peter J. Cyr, Esq., Law Offices of Peter J. Cyr, Portland, for appellee Jennifer Hamm

Belfast District Court docket number FM-2014-244
FOR CLERK REFERENCE ONLY